[No. 33202.    Department Two.    August 18, 1955.]

HARRY NIELSON et al., *Appellants*, v. ELIZABETH HARKOFF, *Respondent.*[1]

*R. V. Welts* and *Pemberton & Orloff*, for appellants.

*Abrams, McCush & Rinker*, for respondent.

[1]Reported in 287 P. (2d) 95.

HILL, J.—■ In an action by a passenger in an automobile against the driver thereof to recover damages for personal injuries sustained by the passenger in consequence of the alleged negligence of the driver, if the complaint affirmatively alleges that the plaintiff was riding in the car for the sole benefit of the defendant and that allegation is denied by the defendant in her (or his) answer and by an affirmative pleading that the plaintiff was being transported at plaintiff's special instance and request and that such transportation was extended the plaintiff without any payment therefor, the burden of proving the plaintiff's allegation that she (or he) was riding in the car for the sole benefit of the defendant rests upon the plaintiff. *Hayes v. Brower* (1951), 39 Wn. (2d) 372, 235 P. (2d) 482, 25 A. L. R. (2d) 1431.

■ Where there is no testimony as to why the defendant-driver asked the plaintiff-passenger (her sister) to accompany her on the trip during which the passenger sustained injuries and the passenger's testimony is that she went because the driver had been ill and the roads were icy and she (the passenger) did not think the driver should be in the car alone, the passenger has failed to establish that she was not a guest of the driver within the purview of the host-guest statute. RCW 46.08.080 [*cf.* Rem. Rev. Stat., Vol. 7A, § 6312-121].

The foregoing holdings are decisive of this case and result in an affirmance of the trial court's order dismissing the plaintiff-passenger's action at the conclusion of her case, and but little amplification is required.

■ The two requirements to constitute payment for transportation which would avoid the bar of the host-guest statute are: (1) an actual or potential benefit in a material or business sense resulting or to result to the driver or owner; (2) that the transportation be motivated by the expectation of such benefit. *Fuller v. Tucker* (1940), 4 Wn. (2d) 426, 103 P. (2d) 1086; *Peterson v. Thorvaldsen* (1954), 45 Wn. (2d) 376, 274 P. (2d) 844. Neither requirement is met in this case.

■ It is clear that a desire on the part of a passenger to confer a benefit on the driver, or the subjective belief that she is doing so, is not an actual or potential benefit in a material or business sense resulting or to result to the driver.

There is not the slightest evidence that the transportation offered by the driver was motivated by the expectation of any benefit other than social from the presence of her sister in the automobile. There is no showing that the driver was unable to drive her car or was at all worried about her ability to do so; indeed, as to the latter the evidence is to the contrary.

Judgment affirmed.

HAMLEY, C. J., MALLERY, FINLEY, and ROSELLINI, JJ., concur.

October 3, 1955. Petition for rehearing denied.