CLEARMAN I. FRISBEE v. FLOYD HARVEY WEST.

(Filed 9 October 1963.)

**1. Courts § 20—**

In an action instituted in this State to recover for injuries resulting from an automobile accident occurring in the State of Washington, the substantive rights and liabilities of the parties are to be determined in accordance with the law of Washington while procedural matters are to be determined in accordance with the law of this State.

**2. Automobiles § 47—**

In those jurisdictions having a host-guest statute limiting the liability of the driver of an automobile for injuries to a guest passenger, the burden is upon plaintiff passenger to allege and prove facts sufficient to show that the actual relationship existing between plaintiff and defendant at the time of the collision was not that of guest and host within the meaning of the statute.

**3. Same— Evidence held insufficient to show that plaintiff was other than a gratuitous guest at the time of the accident in suit.**

Evidence tending to show that plaintiff passenger and defendant driver were engaged in a joint adventure in a trip from a municipality in this

State to a municipality in the State of Washington in search of employment, but with allegations and evidence tending to show that the accident occurred the day after they reached their destination in Washington and while on a trip to another municipality to sign up for unemployment compensation, without allegation or evidence that that trip was pursuant to any agreement for payment, *held* insufficient to show that plaintiff was not a guest within the purview of the Washington host-guest statute, and nonsuit was proper in the absence of evidence that the accident resulted from the intentional act of defendant or gross negligence on his part.

APPEAL by plaintiff from *Patton, J.,* April (Special) Session 1963 of HAYWOOD.

Plaintiff and defendant are citizens and residents of Haywood County, North Carolina. On February 23, 1961, and prior thereto, defendant was the owner of a (particularly described) 1956 Chevrolet.

Plaintiff, in paragraph 4 of the complaint, alleged: "That on or about the 17 day of February, 1961, plaintiff and defendant planned *a joint trip together to Cedro Wooley (sic),* Washington, for the purpose of securing employment; that plaintiff and defendant had been laid off from their jobs at Dayco Southern Plant, Hazelwood, North Carolina; that defendant agreed to drive the above described automobile *on the trip* providing the plaintiff would bear *the trip expenses;* that in accordance with said agreement before leaving *on the trip,* plaintiff installed five new tires on the above vehicle owned by the defendant and involved in the following described collision; that plaintiff gave the defendant the sum of $50.00 before leaving North Carolina for the purchase of gas and oil to make *the journey;* that plaintiff further, in accordance with said agreement, paid the food and lodging expenses of defendant *while on the road between Waynesville, North Carolina, and Cedro Wooley (sic), Washington;* that above the cost of the tires installed on the car of the defendant involved in the following described collision, the plaintiff paid over $300 for the expenses of *the trip* incurred by plaintiff and defendant." (Our italics)

Plaintiff was injured February 23, 1961, at approximately 11:00 a.m. near Burlington, Washington, as a result of a collision of two automobiles within the intersection of Cook Road and Pelver Road. The automobiles involved were the said 1956 Chevrolet owned and operated by defendant and an automobile operated by one Filemeno R. Avila. Defendant's car, in which plaintiff and also plaintiff's brother (a resident of Sedro Woolley, Washington) were passengers, approached and entered said intersection while proceeding west on Cook Road. Avila's car approached and entered said intersection while

proceeding north on Pelver Road. Plaintiff alleged the collision and his injuries were proximately caused by the negligence of defendant.

Answering, defendant denied negligence, pleaded the host-guest statute of the State of Washington (RCW 46.08.080), and pleaded (conditionally) the contributory negligence of plaintiff.

At the conclusion of plaintiff's evidence, which consists solely of plaintiff's testimony, the court, allowing defendant's motion therefor, entered judgment of nonsuit. Plaintiff excepted and appealed.

*J. Charles McDarris and Frank D. Ferguson, Jr., for plaintiff appellant.*
*Williams, Williams & Morris for defendant appellee.*

BOBBITT, J.   The substantive rights and liabilities of the parties are to be determined in accordance with the law of Washintgon, the *lex loci*. Procedural matters are to be determined in accordance with the law of North Carolina, the *lex fori*. *Nix v. English,* 254 N.C. 414, 419, 119 S.E. 2d 220, and cases cited; *Knight v. Associated Transport,* 255 N.C. 462, 464, 122 S.E. 2d 64.

A Washington statute (Revised Code of Washington, Section 46.60.150) in pertinent part provides: "Every operator of a vehicle on approaching public highway intersections shall look out for and give right of way to vehicles on his right, simultaneously approaching a given point within the intersection, and whether his vehicle first reaches and enters the intersection or not."

The evidence most favorable to plaintiff tends to show defendant approached, reached and entered the intersection from Avila's right; that Cook Road, on which defendant was traveling, was the main highway; that Avila's car (proceeding north) was 500 feet south of the intersection when defendant's car (proceeding west) was 500 feet east of the intersection; that the speed of each car when 500 feet from the intersection was 35 miles per hour; that each car continued at this speed up to the moment of collision; and that, as the cars approached the intersection, each driver had an unobstructed view of the other's car.

There was plenary evidence as to the actionable negligence of Avila. Clearly, it was his statutory duty to "give right of way" to the vehicle "on his right," to wit, defendant's car.

A close question is presented as to whether, under legal principles established by decisions of the Supreme Court of Washington, plaintiff's evidence was sufficient for submission to the jury as to defendant's actionable negligence. In this connection, see *inter alia,*

*Massengale v. Svangren* (Wash.), 252 P. 2d 317; *Bos v. Dufault* (Wash.), 257 P. 2d 775; *Bellantonio v. Warner* (Wash.), 288 P. 2d 459; *Robison v. Simard* (Wash.), 360 P. 2d 153. However, for reasons stated below, a determination of this question is not necessary to decision on this appeal.

The host-guest statute of Washington (Revised Code of Washington, Section 46.08.080) provides: "Liability of host for injury to guest in motor vehicle. No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided*, That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser."

There was no evidence the accident was intentional on the part of defendant or that it resulted from defendant's gross negligence or intoxication. Plaintiff's testimony was not corroborated by competent evidence or supported by independent or additional testimony.

Admittedly, when the collision occurred, both plaintiff and his brother (Doyle Frisbee) were passengers in the car owned and operated by defendant. (Note: Plaintiff testified he had never driven a car.) Nothing else appearing, the relationship subsisting between plaintiff and defendant was that of guest and host. It was incumbent upon plaintiff to allege and prove facts sufficient to show that the actual relationship subsisting between plaintiff and defendant when the collision occurred was not that of guest and host within the meaning of the statute. *Moen v. Zurich General Accident & Liability Ins. Co.* (Wash.), 101 P. 2d 323; *Fuller v. Tucker* (Wash.), 103 P. 2d 1086; *Hayes v. Brower* (Wash.), 235 P. 2d 482; *Nielson v. Harkoff* (Wash.), 287 P. 2d 95. The Washington decisions appear to be in accord with the general rule stated in Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, Volume 9C, § 6146, as follows: "Automobile guest statutes, widely prevalent at the present time, preclude an injured guest from recovering against the host for ordinary negligence, and for this or other reasons, the occupant of a motor vehicle involved in an accident may seek to prove that he was not a guest, but on the contrary had some status other than that con-

templated by the statutes, and in this situation the burden of proof is upon the plaintiff." See also Blashfield, *op. cit.*, § 6115.

Under Washington decisions, the host-guest statute does not apply (1) if the passenger and the owner-operator are joint adventurers or (2) if the passenger pays for the transportation.

"The essential elements of a joint adventure are, first, a contract, second, a common purpose, third, a community of interest, and fourth, an equal right to a voice, accompanied by an equal right of control." *Moen v. Zurich General Accident & Liability Ins. Co., supra.* "The sine qua non of the relationship is a contract, whether it be express or implied. As a legal concept, a joint adventure is not a status created or imposed by law, but is a relationship voluntarily assumed and arising wholly ex contractu. The essence of a contract is that it binds the parties who enter into it, and, when made, obligates them to perform it, and failure of any of them to perform constitutes, in law, a breach of contract. A mere agreement, or concord of minds, to accompany one another upon an excursion, but without an intent to enter into mutually binding obligations, is not sufficient to create the relationship of joint adventure." *Carboneau v. Peterson* (Wash.), 95 P. 2d 1043, 1054.

"It is well settled that the factual requirements necessary to constitute payment for transportation, and thus avoid the bar of the statute, are: (1) An actual or potential benefit in a material or business sense resulting or to result to the owner or operator of the automobile, and (2) that the transportation be motivated by the expectation of such a benefit." *Woodland v. Smith* (Wash.), 354 P. 2d 391, and cases cited.

Numerous decisions relating to the host-guest statute of Washington are cited and discussed in articles by John W. Richards, Professor of Law, University of Washington, published in 15 Washington Law Review 87 *et seq.*, and in 24 Washington Law Review 101 *et seq.*

Plaintiff alleged he and defendant, while in Haywood County, entered into an agreement with reference to the trip from Waynesville to Sedro Woolley, and plaintiff's evidence tends to support this allegation. This statement in plaintiff's brief is in accord with his allegation and evidence: "As per the agreement between plaintiff Frisbee and defendant West for the trip from Waynesville, North Carolina, to Sedro Wooley (*sic*), Washington, Mr. Frisbee paid the expenses of gas and oil for the automobile, and lodging and food for both, in the amount of something over three hundred ($300) dollars." Unquestionably, if the accident had occurred in the course of the trip from Waynesville to Sedro Woolley, the facts alleged by plaintiff and sup-

ported by evidence would be sufficient to avoid the bar of the statute.

Plaintiff and defendant reached Sedro Woolley on Wednesday, February 22, 1961. Plaintiff testified: "Our trip ended in Sedro Wooley (*sic*) around 4 o'clock in the afternoon, the best I can say." Again: "We stayed at my brother's the whole time we were there." The collision occurred the following morning, February 23, 1961, some ten or fifteen minutes after leaving Sedro Woolley. Plaintiff testified on direct examination they (plaintiff, defendant and plaintiff's brother) had started from Sedro Woolley to Mt. Vernon, and that he and defendant "were going down to sign up for unemployment at Mt. Vernon." Plaintiff testified on cross-examination: "The truth about the matter, we were not on the road to Mt. Vernon."

The trip covered by the agreement between plaintiff and defendant ended on February 22, 1961, when they reached the home of plaintiff's brother in Sedro Woolley. Plaintiff does not allege facts tending to show his status on February 23, 1961, when injured, was that of joint adventurer or of paying passenger. Indeed, there is neither allegation nor evidence as to *any* agreement or arrangement as between plaintiff, defendant and plaintiff's brother or any two of them after plaintiff and defendant reached the home of plaintiff's brother in Sedro Woolley the afternoon of February 22, 1961, with reference to the operation by defendant of his said Chevrolet car. Apart from the deficiency in allegations, the mere fact, if it be a fact, that plaintiff and defendant on February 23, 1961, when the collision occurred, were on their way directly or indirectly to Mt. Vernon to sign up for "unemployment," is insufficient to support a finding that plaintiff was a joint adventurer or a paying passenger.

Plaintiff having failed to allege and prove facts sufficient to avoid the bar of the statute, the judgment of involuntary nonsuit is affirmed on that ground.

Affirmed.