HOWARD E. KIRBY v. JAMES ALEXANDER FULBRIGHT, DEHART MOTOR LINES, INC. AND COASTAL TRUCKWAYS, INC.

(Filed 12 June 1964.)

**1. Courts § 20—**

An action growing out of a collision occurring in another state is governed in regard to substantive rights, including whether the evidence is sufficient to require its submission to the jury, by the laws of such other

state, while the adjective law, including the rule that in passing on motion to nonsuit the evidence must be considered in the light most favorable to plaintiff and discrepancies resolved in his favor, is governed by the laws of this State.

**2. Evidence § 2—**

Our courts are required to take judicial notice of the pertinent statutory laws of a sister state. G.S. 8-4.

**3. Automobiles § 41e—**

The failure to set out flares or other devices to warn motorists of an un-lighted tractor-trailer obstructing a lane of travel on a highway at night-time is sufficient to support a finding of negligence under both statutory and common law, and whether there is a causal connection between such negligence and a collision is largely a question of fact for the jury.

**4. Automobiles § 43— Negligence of driver hitting unlighted truck held not to insulate negligence of other driver in failing to maintain flares.**

Plaintiff was injured in a collision between the truck in which he was riding and defendant's tractor-trailer which was standing without lights at nighttime, partly on the hardsurface, so as to block one of the lanes for southbound travel. *Held:* Even conceding negligence on the part of the driver of the truck in which plaintiff was riding in failing to avoid colli-sion with the standing truck, such negligence cannot be held to insulate defendant's negligence, since injurious consequences could and should have been foreseen from the failure to maintain signals warning of the unlight-ed truck, and therefore such negligence was at least one of the proximate causes of the collision.

**5. Negligence § 21—**

The burden of proof on the issue of contributory negligence is upon defendant.

**6. Negligence § 26—**

Nonsuit for contributory negligence is proper only when the evidence, considered in the light most favorable to plaintiff, establishes contributory negligence so clearly that no other reasonable conclusion may be drawn therefrom.

**7. Automobiles § 42d— Motorist traveling at lawful speed held not con-tributorily negligent as matter of law in hitting unlighted vehicle.**

The evidence tended to show that defendant's vehicle was standing at nighttime, without lights, blocking one of the southbound lanes for travel, and that the driver of the vehicle in which plaintiff was riding, traveling within the maximum legal speed, saw the standing vehicle when some 50 or 60 feet away but was unable to turn into the left lane for southbound traffic before the right front of his vehicle struck the left rear of the standing vehicle. *Held:* Under the laws of the state of Virginia, in which the accident occurred, the failure of the driver of the truck in which plaintiff was riding to so operate the truck that he could have stopped or turned left in time to have avoided the collision is not contributory neg-ligence as a matter of law.

APPEAL by defendants from *Crissman, J.,* October 21, 1963, Civil Session of GUILFORD, Greensboro Division.

Plaintiff's action is to recover damages for personal injuries he sustained as a result of a collision that occurred about 1:45 a.m. on Saturday, February 14, 1959, on U. S. Highway No. 1, near Doswell, Virginia, between a tractor-trailer (Central T/T) owned by Central Motor Lines, Inc., and a tractor-trailer (DeHart T/T) owned by De-Hart Motor Lines, Inc., and leased to and operated under the franchise of Coastal Truckways, Inc.

The Central T/T was operated by Walter L. Thompson. He and Howard E. Kirby, the plaintiff, were co-drivers and agents of Central. When the collision occurred, plaintiff was in the sleeping compartment of Central's tractor, asleep.

The DeHart T/T was operated by defendant James Alexander Fulbright as agent of the corporate defendants.

The highway, where the collision occurred, runs generally north and south. Two "solid white parallel lines" mark the center. Two lanes east of said center lines are for northbound traffic. Two lanes west of said center lines are for southbound traffic. The two lanes for southbound traffic (also the two lanes for northbound traffic) are divided by a broken white line.

The DeHart T/T, headed south, was parked partly on the right (west) lane for southbound traffic and partly on the shoulder. The Central T/T, proceeding south in said right (west) lane for southbound traffic, struck the rear of the parked DeHart T/T, the right front of the Central tractor striking the left rear of the DeHart trailer.

As a result of said collision: Plaintiff was seriously injured. The DeHart T/T, which was loaded and weighed some 56,000 pounds, was knocked 20-25 feet. The left rear of the DeHart trailer was extensively damaged. The Central T/T, which was loaded and weighed some 48,000-50,000 pounds, stopped some 15-18 feet from the point of impact. The Central tractor "was just practically junk."

Plaintiff alleged the negligence of Fulbright, imputed to the corporate defendants, proximately caused the collision and his injuries.

Defendants, by joint answer, denied plaintiff's allegations as to their actionable negligence. They alleged the negligence of Thompson was the sole proximate cause of the collision. They alleged further: If not the sole proximate cause, the negligence of Thompson was one of the proximate causes of the collision and a bar to recovery of the amount to which Central and its compensation insurance carrier would otherwise be entitled (by subrogation) on account of payments made and to be made to and for the benefit of plaintiff under the North Carolina Workmen's Compensation Act.

Evidence was offered by plaintiff and by defendants.

The issues submitted, and the jury's answers, are as follows: "1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: Yes. 2. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: $35,000.00. 3. Was the Central Motor Lines, Inc., through the driver of its tractor-trailer, negligent and did its negligence contribute to the injuries to the plaintiff, as alleged in the answer? Answer: No."

Judgment, "that the plaintiff have and recover of the defendants, and each of them, jointly and severally, the sum of THIRTY-FIVE THOUSAND and no/100 ($35,000.00) DOLLARS, together with the costs of this action to be taxed by the Clerk," was entered.

Defendants excepted and appealed.

*Jordan, Wright, Henson & Nichols; William B. Rector, Jr.; Smith, Moore, Smith, Schell & Hunter; and Stephen Millikin for plaintiff appellee.*

*Lovelace & Hardin for defendant appellants.*

BOBBITT, J. In this Court, on oral argument, defendants, through their counsel, abandoned all their assignments of error except those which present two questions, *viz.:* 1. Are defendants entitled to judgment of nonsuit? 2. If not, does the evidence disclose as a matter of law that Thompson was contributorily negligent as alleged in the answer?

The substantive rights and liabilities of the parties are to be determined in accordance with the law of Virginia, the *lex loci.* Procedural matters are to be determined in accordance with the law of North Carolina, the *lex fori. Nix v. English*, 254 N.C. 414, 419, 119 S.E. 2d 220, and cases cited; *Knight v. Associated Transport*, 255 N.C. 462, 464, 122 S.E. 2d 64; *Frisbee v. West*, 260 N.C. 269, 271, 132 S.E. 2d 609. G.S. 8-4 requires that we take judicial notice of the pertinent Virginia law.

Whether, under the substantive law of Virginia, the evidence was sufficient to require its submission to the jury is determinable in accordance with the procedural law of this jurisdiction. *Nix v. English, supra,* and cases cited; *Knight v. Associated Transport, supra,* and cases cited. Hence, under our established rule, the evidence must be considered in the light most favorable to plaintiff. Too, discrepancies and contradictions in the evidence, even though such occur in the evidence offered in behalf of plaintiff, are to be resolved by the jury, not by the court. *Stathopoulos v. Shook*, 251 N.C. 33, 36, 110 S.E. 2d 452. *Cf. Allen v. Brooks (Va.)*, 124 S.E. 2d 18.

There was evidence tending to show the following facts: Fulbright, while traveling south, "ran out of gas." When the DeHart T/T stopped, the right wheels were on the "two-foot shoulder." With this exception, the DeHart T/T was on the right (west) lane for southbound traffic, referred to in the evidence as the "driving lane" as distinguished from the "passing lane." Six to six and one-half feet of the DeHart T/T was in the said (paved) traffic lane. Fulbright put out two "ten minute fusees." A Virginia patrolman, traveling south, observed the bright red glare of these fusees for at least a mile. There were no lights on the DeHart T/T. The patrolman told Fulbright to "turn his lights on," but Fulbright "had not turned them on" when the patrolman (continuing south) left. Thereafter, when two southbound tractor-trailers passed, there were no lights on the DeHart T/T and no (burning) fusees or flares anywhere in the area. "The truck (DeHart T/T) was stopped completely in the dark." One driver first saw the DeHart T/T when he was forty to fifty feet from it. He made "a turn to the left and missed it." The other driver first saw the DeHart T/T when he was fifty feet from it. He turned to his left and "missed it approximately five feet." Shortly thereafter, as Thompson approached, there were no lights on the DeHart T/T and no (burning) fusees or flares anywhere in the area.

While evidence favorable to defendants was in sharp conflict, the foregoing was sufficient to support findings that defendants failed to provide lights, torches or flares, as required by Section 46.1-255 and Section 46.1-276 of the Code of Virginia (1950). See also, Section 46.1-248. "The violation of a statute constitutes negligence *per se,* and if it proximately causes or contributes to an injury, it will support a recovery of damages for such injury." *Crist v. Fitzgerald (Va.),* 52 S.E. 2d 145, 148. Independent of statute, there was evidence sufficient to support findings that defendants failed to exercise due care to give notice to southbound traffic that the DeHart T/T was substantially blocking the "driving lane" for southbound traffic. "The question of proximate cause, or whether there is causal connection between negligence and accident, is a question of fact." *Scott v. Simms (Va.),* 51 S.E. 2d 250, 253.

Defendants contend the evidence, if sufficient to support a finding that they were negligent as alleged, is insufficient to support a finding that such negligence on their part was a proximate cause of the collision. Defendants do not allege or contend plaintiff was negligent. They contend Thompson was negligent and that Thompson's negligence was the *sole* proximate cause of the collision.

Pertinent to defendants' said contention, there was evidence tending to show the following facts: The DeHart T/T was on a "gradual

hill" (about 4% grade) approximately 250 feet south of a "little dip." Thompson came down a hill and passed through the "little dip." Ear-lier it had been raining. It was "very cloudy." The road (blacktop) was wet. A "little patch of fog" was rising from the creek in the "little dip." However, there was no fog from the "little dip" up to the DeHart T/T. Going up the "gradual hill," in the "driving lane" for southbound traffic, Thompson was driving at a speed of approximately forty miles per hour. His headlights were on low beam. They were in good condition and enabled him to see an object in front of him for at least one hundred feet. The DeHart trailer was "dirty." When fifty or sixty feet away, Thompson saw "a dark object in the road" in front of him. Thompson hit his brakes, swerved to his left and "(t)he right front of (his) tractor came in contact with the left rear of the (De-Hart) trailer."

On cross-examination, Thompson testified he could not say posi-tively whether he could have stopped the Central T/T in a hundred feet or less. His testimony, pertinent to his ability to swerve to the left in time to avoid collision, was as follows: "Yes, I can turn my truck into another lane in less than fifty or sixty feet, but you got to consider the time of reaction and all in this fifty feet."

Defendants contend the evidence establishes *as a matter of law* that Thompson was negligent and that Thompson's negligence "intervened and insulated any negligence of the driver of the defendants' truck" and was the sole proximate cause of the collision. In considering this contention, which underlies defendants' motion for nonsuit, we assume but do not decide that negligence on the part of Thompson was a proximate cause of the collision.

In *Crist v. Fitzgerald, supra,* the plaintiff was *a passenger* in an automobile which collided at night with the rear of a trailer parked in the right lane of the highway without warning lights. On appeal from a judgment for the plaintiff, the court rejected the defendant's conten-tion that the evidence disclosed as a matter of law that negligence on the part of the driver of the car in which the plaintiff was riding was the sole proximate cause of the collision. The legal principles stat-ed and applied in *Crist v. Fitzgerald, supra,* and cases cited therein, are set forth in opinion by Spratley, J., as follows:

"In *Jefferson Hospital v. Van Leer,* 186 Va. 74, 41 S.E. 2d 441, 444, we said: '* * * an intervening cause does not operate to exempt a de-fendant from liability if that cause is put into operation by the de-fendant's wrongful act or omission * * *.

" 'An intervening cause will not be deemed to have broken the causal connection if the intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer.'

"In *Richmond v. Gay's Adm'x,* 103 Va. 320, 324, 49 S.E. 482, 483, it was said: '* * * And in order to excuse the defendant's negligence, this intervening cause must be either a superseding or responsible cause. To be a superseding cause, whether intelligent or not, it must so entirely supersede the operation of the defendant's negligence that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury. * * *'

"To the same effect see also *Appalachia Power Co. v. Wilson,* 142 Va. 468, 129 S.E. 277; and *Scott v. Simms, Adm'r, supra.*"

The elements of proximate cause are defined in *Scott v. Simms, supra.* With reference to the element of foreseeability, the court said: "In order for the defendant's negligence to be a proximate cause of the injury, it is not necessary that the defendant should have foreseen the precise injury that happened. It is sufficient if an ordinary, careful and prudent person ought, under the circumstances, to have foreseen that an injury might probably result from the negligent act."

Applying the cited Virginia decisions: If, as the evidence favorable to plaintiff tends to show, the DeHart T/T was stopped in and substantially blocked the "driving lane" for southbound traffic on U. S. Highway No. 1 at night without lights, flares or other warning of its presence and position, there was ample basis for factual findings that defendants, in the exercise of due care, could and should have foreseen that injurious consequences might probably result from their negligence and that defendants' negligence was not entirely superseded as a proximate cause of the collision. Stated differently, there was ample basis for a factual finding that the negligence of defendants was at least one of the proximate causes of the collision. Hence, defendants were not entitled to judgment of nonsuit.

If not entitled to judgment of nonsuit, defendants contend the evidence establishes as a matter of law that Thompson (Central's agent) was contributorily negligent as alleged in the answer. If so, defendants contend, based on legal principles stated in *Essick v. Lexington,* 233 N.C. 600, 606, 65 S.E. 2d 220, and cases cited, the judgment should be reduced by striking therefrom the amount to which Central and its compensation insurance carrier would otherwise be entitled (by subrogation) on account of payments to and for the benefit of plaintiff under, the North Carolina Workmen's Compensation Act.

The third issue arose on defendants' allegations in which they plead the contributory negligence of Thompson (Central) as a bar *pro tanto* to plaintiff's action. On this issue, the burden of proof was on defendants to establish said plea. *Essick v. Lexington, supra,* and cases cited; *Lovette v. Lloyd,* 236 N.C. 663, 669, 73 S.E. 2d 886. This issue was for

jury determination unless the evidence, when considered in the light most favorable to plaintiff, establishes Thompson's (Central's) contributory negligence as alleged in the answer so clearly that no other reasonable inference or conclusion may be drawn therefrom.

The allegations on which defendants base said plea, as stated summarily in their brief, are that Thompson "was negligent in that he was speeding, was not keeping a proper lookout, outran his headlights, failed to have his tractor-trailer unit under proper control and failed to turn his tractor-trailer unit to his left and avoid striking the tractor-trailer unit of the defendants, as a person of ordinary prudence would have done."

The evidence most favorable to plaintiff tends to show Thompson was traveling in his proper lane on a four-lane highway apparently free of traffic at 40 miles an hour in a 45-mile speed zone for trucks.

The evidence is equivocal as to whether Thompson could have stopped within the range of his headlights. However, "it has never been held as a principle of law in Virginia, that the operator of an automobile must so operate his vehicle that he can stop within the range of his lights, or within the range of his vision." *Twyman v. Adkins (Va.),* 191 S.E. 615; *Body, Fender & Brake Corporation v. Matter (Va.),* 200 S.E. 589.

Bearing upon Thompson's alleged failure to keep a proper lookout and exercise proper control and cut to his left in time to avoid collision: Thompson had the right to assume the "driving lane" was clear until he saw or by the exercise of reasonable care should have seen it was obstructed. As stated (in accordance with cited prior decisions) in *Crist v. Fitzgerald, supra:* "The driver of plaintiff's car was travelling in her proper lane, and she had the right to assume that no vehicle or obstruction would be parked on the highway in front of her." True, Thompson testified on cross-examination his (low beam) headlights would show up an object at least a hundred feet away (see Code of Virginia (1950), Section 46.1-270); that he did not see this object (DeHart T/T) until he was fifty or sixty feet from it; and that (without allowing for reaction time) he could turn the Central T/T into another lane in less than fifty or sixty feet. It is contended that this testimony shows conclusively that Thompson saw or by the exercise of due care should have seen the DeHart T/T for a distance of one hundred feet or more and that, had he done so, he could by the exercise of due care have turned to his left and avoided the collision. While this evidence, together with evidence that the two drivers who preceded Thompson were able (by a narrow margin) to avoid collision with the DeHart T/T, was for consideration by the jury, we cannot

say that Thompson was required as a matter of law to act with the precision and infallibility upon which defendants' said contention is based.

While there was ample evidence to support a verdict in defendants' favor on the third issue, we are of opinion, and so decide, that the evidence, when considered in the light most favorable to plaintiff, does not establish as a matter of law that Thompson was contributorily negligent as alleged in the answer. As stated in *Armstrong v. Rose (Va.)*, 196 S.E. 613: "We cannot say, under the circumstances here, that all reasonable men could reach but one conclusion."

Decisions cited by defendants include *Barnes v. Ashworth (Va.)*, 153 S.E. 711; *Kinsey v. Brugh (Va.)*, 161 S.E. 41; *Davis v. Scarborough (Va.)*, 97 S.E. 2d 731.

In *Barnes v. Ashworth, supra,* the plaintiff's intestate was standing in the highway beside a parked car at the scene of a minor automobile collision when struck by the defendant's car and killed. On appeal, judgment for the plaintiff in accordance with the verdict was reversed on the ground the evidence disclosed the plaintiff's intestate was contributorily negligent as a matter of law.

In *Kinsey v. Brugh, supra,* the plaintiff, traveling by buggy, was injured when the rear of his buggy, partly on the hard surface and partly on the shoulder, was struck by defendant's truck. There was a judgment for the plaintiff in accordance with the verdict. Upon appeal, the court rejected the defendant's contention that the plaintiff was guilty of contributory negligence as a matter of law. The court said: *"The jury found, as they had a right to do from this testimony,* that the defendant was guilty of negligence, and that such negligence was the sole proximate cause of the injury, and that the failure of the plaintiff to carry a light was the remote cause which may have antecedently contributed to it."* (Our italics).

In *Davis v. Scarborough, supra,* the plaintiff's intestate, whose car was parked partly on the highway, was changing the left rear tire when struck and killed by a car operated by the defendant. On appeal, it was held that the issues of negligence and contributory negligence were for jury determination.

The decisions cited below involve factual situations where the plaintiff (or the plaintiff's intestate), while driving his car at night in his proper highway lane, strikes the rear of a vehicle parked without lights or other warning signals.

In *Harris v. Howerton (Va.)*, 194 S.E. 692, and in *Perdue v. Patrick (Va.)*, 29 S.E. 2d 371, cited by defendants, the plaintiff was held contributorily negligent as a matter of law.

In *Harris v. Howerton, supra,* the evidence disclosed the plaintiff was driving on a street (used as a public highway) and was familiar with the custom of residents to park unlighted vehicles in front of their homes. There was undisputed evidence as to the presence and effect of nearby street lights. This excerpt indicates the basis of decision: "The evidence is uncontradicted, save by the negative testimony of the plaintiff, that he did not see the truck; *that the highway was sufficiently lighted to show its presence;* and that with proper lights on the plaintiff's car the driver could have discerned its presence if he had been keeping a proper lookout regardless of whether a rear light was displayed." (Our italics).

In *Perdue v. Patrick, supra,* the defendant's truck had stopped and was stalled at a railroad grade crossing. The driver, "in an effort to get more current to start his engine," cut off his bright lights and cut on his dim or parking lights. According to undisputed evidence, one of the flares the driver of the truck had put out "was present and illuminated" as the plaintiff approached. Based on these and other evidential facts adverse to the plaintiff, the court concluded the uncontroverted evidence established contributory negligence as a matter of law.

Whether the plaintiff (or the plaintiff's intestate) was contributorily negligent was held for jury determination in the following cases: *Twyman v. Adkins, supra; Body, Fender & Brake Corporation v. Matter, supra; Armstrong v. Rose, supra; Allen v. Brooks; supra.*

For the reasons stated herein, the assignments of error brought forward for decision on this appeal are overruled. Hence, the verdict and judgment will not be disturbed.

No error.