18228

Ann GUYTON, by Robert B. Wallace, Administrator, Appellant, v.
J. J. GUYTON and One 1950 Chevrolet Automobile, Respondents.

(137 S. E. (2d) 273)

*Messrs. Clyde H. Turner, Howard R. Chapman* and *Warren A. Kohn,* all of Charleston, *for Appellant,*

*Messrs. Moore, Mouzon & McGee,* of Charleston, *for Respondent,*

June 23, 1964.

BRAILSFORD, Justice.

This action for damages for personal injury arose out of a 1955 nighttime collision between an automobile driven by defendant, in which plaintiff, his wife, was a guest passenger, and an unattended mule on the highway. It was tried before a jury in February 1958, Honorable John G.

Dinkins, special judge, presiding, and resulted in a directed verdict for the defendant. According to the statement of the case, an appeal was taken to this court, but the record does not suggest why the appeal was not ready for docketing until the April 1964 term, at which oral argument was heard.

On the evening in question, the defendant, his wife, and three neighbors were traveling toward Murrell's Inlet on S. C. Highway No. 544. They had been to a revival meeting in Florence and were driving toward home.

The complaint alleged that the defendant was "singing, talking with the passengers seated in the back seat of the car, looking in back of him to carry on said conversations, all in a heedless and reckless manner not conducive to safe and sane driving." However, the complaint did not allege that such inattention to the defendant's duty to keep a reasonable lookout was a proximate cause of plaintiff's injuries. To the contrary, the complaint explicitly alleged that the defendant "saw the mule in more than sufficient time and distance to reduce his speed and pass said mule safely which defendant failed to do." According to the complaint, by his reckless conduct he frightened the mule and caused it to dart from the right shoulder of the highway into the path of defendant's automobile. The complaint further charged that the defendant was reckless and willful in driving at an excessive rate of speed under the circumstances and in failing to keep his automobile under proper control "with knowledge of the ensuing danger." There were no other specifications of misconduct on the defendant's part except in the most general terms.

The answer of the defendant denied any negligence on his part and alleged that the sole cause of the collision was the mule's leaping onto the highway in front of his automobile when he was too close to avoid the collision.

The case falls under the Guest Statute, Section 46-801, Code of 1962. The burden was upon plaintiff to establish that her injuries were the result of the

defendant's willful or reckless misconduct in the operation of the automobile. The sole question on this appeal is whether the evidence, when viewed in the light most favorable to plaintiff, is susceptible of a reasonable inference that the proximate cause of plaintiff's injuries was the recklessness or willfulness of the defendant in any of the particulars alleged in the complaint.

As the defendant approached the scene of the collision, the highway curved to his right. He was meeting another automobile, and the mule, unknown to the defendant, was on or beyond the right shoulder in his direction of travel. Just as the defendant rounded the curve, the mule suddenly darted onto the highway in such proximity to the automobile that the collision occurred almost immediately. Neither the plaintiff nor either of her two passenger witnesses testified that they saw the mule prior to the collision. The plaintiff, who was the only passenger in the front seat, did not know what the car had struck until she was told afterward.

The only witness called by the defendant was a Mr. Britt, who approached the scene from the opposite direction. Shortly before the accident, he drove up behind the mule, which trotted in front of him for 50 or 75 yards and then turned off the highway on his left. Mr. Britt slowed to 4 or 5 miles per hour. As he started to pass, he noticed the approach of defendant's automobile and, fearful that the mule might re-enter the highway, pulled far to his right. We quote excerpts from his testimony:

"Q. When the mule came back on the highway, did it come on the highway right in front of the approaching car?

"A. Yes, sir.

\* \* \*

"Q. Can you give any estimation whatever of the time element, between the time the mule came back on that highway in front of the car and the collision?

"A. Just a—just a split second.

"Q. A split second.

"A. That's right.

\* \* \*

"Q. And when Mr. Guyton's car came around the curve, the mule was not on the highway?

"A. No, sir.

"Q. He was over on the side?

"A. Yes, sir.

"Q. In the dark?

"A. Yes, sir.

"Q. And am I to understand that the mule left—jumped on the highway within a split second of the point where it was struck?

"A. That's right."

We think it obvious from the uncontradicted testimony of this witness, that the defendant had no opportunity to avoid the impact from the time the mule darted into his lane of travel. There is nothing in the record to support the allegation that the defendant failed to keep the automobile under proper control and no such inference may be drawn, under the circumstances, from the fact that the collision occurred. An automobile may not be controlled by brakes or steering so as to avoid a hazard which becomes apparent for only a "split second" before the point of impact is reached.

There is no testimony to support the allegation that the defendant saw the mule on the shoulder of the road and recklessly disregarded the hazard which his presence created. The clear inference from the record is that neither he nor any of the passengers in his car saw the mule until an instant before the collision. This is quite understandable under the testimony that the dark colored mule was entirely off the highway on defendant's right and darted back onto the highway just as the defendant rounded a curve to his right.

Finally, the complaint charges that the defendant recklessly operated his automobile at an excessive rate of speed

under the circumstances. The highest estimate of defendant's speed at the time the emergency arose was 55 miles per hour, and nothing in the record reasonably supports an inference that the defendant was exceeding this *prima facie* legal limit. However, plaintiff contends that his speed was excessive because defendant (a) was driving at night, (b) on a highway with which he was not familiar, (c) which had a dark surface, (d) was confronted with the headlights of an approaching car which had a blinding effect, and (e) had just rounded a sharp curve. Clearly, neither (a), (b), nor (c) were circumstances which made driving at the *prima facie* legal rate of speed inappropriate. As to (d), one of the passenger witnesses quoted the defendant as having stated that he was "blinded" by the lights of an approaching car, whereupon he reduced his speed "just a little." However, she failed to connect this statement with the lights of the automobile which defendant was meeting at the time of the accident. On the other hand, the driver of this car testified, "I dimmed my lights when I began meeting this other car." He further testified that his lights were "on dim" when the collision occurred. This testimony was not disputed by any witness. As to (e), the record simply does not support the claim that defendant had rounded a *sharp* curve. None of the witnesses so described it.

We find nothing in the circumstances relied upon from which it may reasonably be inferred that the defendant was reckless in driving at 55 miles per hour. Furthermore, as in *Horton v. Greyhound Corp.*, 241 S. C. 430, 128 S. E. (2d) 776, there is no evidence, either direct or circumstantial, from which it may reasonably be inferred that the accident would not have happened if the defendant had been driving at a lower rate of speed, hence none that excessive speed was a proximate cause of the accident.

The plaintiff and her passenger witnesses testified in support of the allegations of the complaint that the defendant was inattentive to his duty to keep a

lookout, and plaintiff urges that this raised a jury issue. This testimony was admissible as bearing upon defendant's state of mind, but, under the pleadings, it raised no issue for the jury as to causal misconduct. The complaint did not allege that failure to keep a proper lookout was a proximate cause of the accident. Instead, it distinctly alleged that the defendant "saw the mule in more than sufficient time and distance to reduce his speed and pass said mule safely." It further alleged that the defendant failed to keep his car under proper control "with knowledge of the ensuing danger." Plaintiff had no right to have her claim submitted to the jury on a theory of liability inconsistent with the facts alleged in her complaint.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.