ADOLPH KORNEGAY, T/A A. K. MOTORS v. GENE A. OXENDINE

No. 748SC102

(Filed 15 May 1974)

1. Courts § 21— collision in Virginia — Virginia law governs
    Since the accident giving rise to the action occurred in Virginia, the case is governed by Virginia law.

2. Automobiles § 75— stopping on highway — contributory negligence as matter of law
    Plaintiff's evidence did not show that his employee was contributorily negligent as a matter of law in stopping his vehicle partly on and partly off the road where such evidence tended to show that he had stopped for the purpose of helping a driver who had had mechanical breakdown, the driver of the disabled vehicle had placed reflectors at the rear of the vehicle, and plaintiff's employee had on his emergency flasher lights, his headlights and numerous running lights at the time of the collision in question.

3. Automobiles § 76— hitting stopped vehicle — contributory negligence as a matter of law
    Defendant's evidence did not show that he was contributorily negligent as a matter of law in striking plaintiff's vehicle which was parked partly on and partly off the highway where such evidence tended to show that defendant first observed plaintiff's truck when he was 100 feet away from it, there were no lights on plaintiff's truck or on the disabled vehicle beside which it was parked, there were no flares or reflectors on the highway, and, when he saw the truck, defendant immediately swerved left but was unable to avoid striking the truck; therefore, the trial court erred in granting a directed verdict for plaintiff on defendant's counterclaim for personal injury and property damage.

APPEAL by plaintiff and defendant from *Perry Martin,* *Judge,* 28 May 1973 Session of Superior Court held in WAYNE County.

Plaintiff is the owner of a trucking business. Before sunrise on 25 November 1970 Billy Rudolph Garner, an employee of plaintiff, was driving one of plaintiff's trucks and collided with a truck operated by defendant. The accident occurred on U. S. Highway 301 near Jarratt, Virginia. Garner was injured and plaintiff's truck was heavily damaged. Plaintiff brought this action in the Superior Court of Wayne County, alleging that the accident was caused by defendant's negligence. Defendant counterclaimed, alleging that Garner's negligence had caused the accident, and seeking to recover for personal injuries and damage to his truck.

At the conclusion of all the evidence, the trial court granted a directed verdict for defendant on plaintiff's claim and a directed verdict for plaintiff on defendant's counterclaim. The court held that both Garner and defendant had been contributorily negligent as a matter of law. Both parties appealed.

Douglas P. Connor, and Jeffress, Hodges, Morris & Rochelle, by A. H. Jeffress, for plaintiff appellant.

Dees, Dees, Smith, Powell & Jarrett, by Tommy W. Jarrett, and J. Faison Thomson for defendant appellant.

BALEY, Judge.

The sole issue in this case is whether the trial court erred in holding both Garner and defendant contributorily negligent as a matter of law.

[1] Since the accident occurred in Virginia, the case is governed by Virginia law. Kirby v. Fulbright, 262 N.C. 144, 136 S.E. 2d 652.

[2] In determining whether plaintiff's employee Garner was contributorily negligent as a matter of law, the evidence must be viewed in the light most favorable to plaintiff. Considered in this perspective, plaintiff's evidence shows that during the early morning hours of 25 November 1970, while it was still dark, Garner was driving a tractor-trailer truck owned by plaintiff southward on U. S. Highway 301, a four-lane highway. He observed a Chevrolet van, operated by Willie Leroy Jefferson, on the northbound side of the highway. Jefferson was parked off the right shoulder, blinking his lights at Garner and signaling for help. Garner turned into the northbound lane, noticed that Jefferson had placed flares and reflectors on the highway

behind his van, and stopped to help Jefferson. Jefferson told Garner that his van would not start and that he needed jumper cables. Garner did not have jumper cables, so he and Jefferson drove to a nearby town and borrowed some. When they returned to Jefferson's stalled van, the reflectors were still on the road, but the flares had burned out. Garner stopped his truck with the cab just in front of Jefferson's van, and the trailer parallel to the van, partly on and partly off the highway. He let Jefferson out of the truck, so that Jefferson could give him directions as he maneuvered the cab as close as possible to the front of the van. It was necessary to park the truck in this position so that the batteries of the truck and van could be connected by the jumper cables. Jefferson had just got out of the Garner truck when defendant approached from the south and drove into the rear of plaintiff's trailer. When the collision occurred, all of the lights on Garner's truck were on, including the headlights, brake lights, numerous running lights on the trailer, and four blinking emergency flashers on the cab and trailer.

Va. Code § 46.1-248(a) provides:

> "No vehicle shall be stopped in such manner as to impede or render dangerous the use of the highway by others, except in the case of an emergency as the result of an accident or mechanical breakdown, in which case the emergency flashing lights of such vehicle shall be turned on . . . and the vehicle shall be removed from the roadway to the shoulder as soon as practicable . . . . "

In this case, according to plaintiff's evidence, Garner complied with the statute. He stopped in the highway because of an emergency, and he turned on his emergency flasher lights. It was not practicable for him to move off the roadway before the accident occurred. The Virginia courts have held that under the circumstances, stopping on the highway does not necessarily constitute negligence. *Cowles v. Zahn*, 206 Va. 743, 146 S.E. 2d 200 (1966); *Bonich v. Waite*, 194 Va. 374, 73 S.E. 2d 389 (1952). Under Va. Code § 46.1-255, when a vehicle is stopped at night on the roadway, the driver must place flares on the highway to warn approaching motorists; but the failure to display flares is not negligence when the driver has not yet had time to place them on the road. *Roberts v. Mundy*, 208 Va. 236, 156 S.E. 2d 593 (1967).

[3]  When viewed in the light most favorable to defendant, the evidence does not show that defendant was contributorily

negligent as a matter of law. Defendant testified that when he approached the scene of the accident, proceeding northward on Highway 301, he did not see Garner's truck until he was 100 feet away from it. There were no lights on Garner's truck or Jefferson's van, and there were no flares or reflectors on the highway. The back of Garner's truck was gray in color and blended into the highway so that it was difficult to see. When defendant did see the truck ahead of him, he immediately swerved to the left but was unable to avoid striking it.

Va. Code § 46.1-270 requires every vehicle to be equipped with headlights sufficiently powerful to illuminate 100 feet away on low beam; but defendant did not violate this statute, since he saw Garner's truck at a distance of 100 feet. "[I]t has never been held as a principle of law in Virginia, that the operator of an automobile must so operate his vehicle that he can stop within the range of his lights, or within the range of his vision." *Body, Fender & Brake Corp. v. Matter,* 172 Va. 26, 31, 200 S.E. 589, 591 (1939); *Twyman v. Adkins,* 168 Va. 456, 463, 464, 191 S.E. 615, 618 (1937). The fact that a driver runs into the rear end of an unlighted vehicle at night does not establish his negligence in failing to keep a proper lookout. *Hagan v. Hicks,* 209 Va. 499, 165 S.E. 2d 421 (1969); *Allen v. Brooks,* 203 Va. 357, 124 S.E. 2d 18 (1962); *Crist v. Fitzgerald,* 189 Va. 109, 52 S.E. 2d 145 (1949).

The evidence in this case was sharply conflicting. Each party's evidence, if believed by the jury, would have justified a verdict in his favor. It is for the jury to decide which of the evidence should be believed. In taking the case from the jury and granting directed verdicts for each side, the trial court erred, and the parties are entitled to a new trial.

New trial.

Chief Judge BROCK and Judge PARKER concur.