18168

James M. WILLIAMS, Administrator of The Estate of Thomas C. Williams, Respondent, v. George DAVIS, Appellant

(134 S. E. (2d) 760)

*Messrs. Gregory & Gregory,* of Lancaster, *for Appellant,*

*Messrs. Williams & Parler,* of Lancaster, *for Respondent,*

*Messrs. Gregory & Gregory,* of Lancaster, *for Appellant, in Reply,*

February 13, 1964.

TAYLOR, Chief Justice.

This action was brought by James M. Williams, as Administrator of the estate of Thomas C. Williams, the Respondent herein, against George Davis, to recover damages for the wrongful death of Thomas C. Williams as the result of a collision between Appellant's pulpwood truck driven by Appellant's agent and servant, Grady Witherspoon, and a pickup truck owned and driven by decedent.

The decedent, a 73-year-old man, came to his death at about 2:30 P. M. on April 4, 1962, at the intersection of State Highway 158 and a dirt road approximately 7 miles south of Lancaster in Lancaster County.

The complaint alleges that the death of Respondent's intestate was solely and proximately caused by the negligent, careless, unlawful, willful and wanton acts of Appellant, his agent, servant and employee in operating the pulpwood truck at a high, reckless and unlawful rate of speed and out of control and at a speed greater than was reasonable and prudent under the circumstances; in operating the truck carelessly and negligently, with willful disregard of the rights and safety of others; in failing to keep a proper and sufficient lookout for other vehicles traveling along the highway; in operating the truck on the wrong or left-hand side of the road; in operating the truck in such a manner as to obstruct and block the lane of traffic in which Respondent's intestate was operating his truck; in failing to give half of the main traveled portion of the highway to the truck in which Respondent's intestate was riding; in failing to have the pulpwood truck under proper control; in failing to have the pulpwood truck equipped with proper brakes or other safety appliances as required by law; and in failing to employ a careful, prudent and sober driver.

Appellant interposed a general denial and set up separate defenses of sole negligence and contributory negligence on the part of Respondent's intestate.

At appropriate stages of the trial, Appellant made motions for nonsuit and for directed verdict. His motion to eliminate willfulness and recklessness from the jury's consideration was granted thereby eliminating the element of punitive damages. The jury returned a verdict in favor of Respondent for $15,000.00 actual damages. Motions for judgment no. o. v. and in the alternative for a new trial where denied by the trial Judge and this appeal followed.

The questions raised by the exceptions are: (1) Was there any evidence of negligence presented on the part of Appellant which was a contributing proximate cause of the accident; and (2) Was Respondent's intestate guilty of contributory negligence as a matter of law?

In considering Appellant's exceptions to the effect that the trial Judge erred in refusing motions for a nonsuit, directed verdict, judgment n. o. v. and alternatively for a new trial, the evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to Respondent. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. *Crocker v. Weathers,* 240 S. C. 412, 126 S. E. (2d) 335.

Respondent offered no witnesses who saw the actual collision and by necessity relied largely on circumstantial evidence.

The pulpwood truck was traveling toward Heath Springs along State Highway 158, which is a straight 20-foot wide paved road between Lancaster to the north and Heath Springs to the south. The deceased had entered the highway from an unpaved side road, on the pulpwood truck's right, coming from a tenant house off the road. This dirt road was referred to as both a "secondary unpaved road" and as a "private drive" by the testimony but was generally conceded to be a private drive or driveway. Deceased was making a left turn to proceed in the direction of Lancaster. There was evidence that the point of impact was 2 feet on the pulpwood truck's left side of the road, approximately 12 to 15 feet from the dirt road. The pulpwood truck's rear wheel left 25 feet of skid marks on a dry highway starting in the right lane and angling across the center of the highway.

Grady Witherspoon, driver of the Appellant's truck, testified that the pulpwood truck was empty as he was traveling south at 45 m. p. h. on Highway 158, that deceased had stopped and then pulled out on the highway "when I got pretty close to him." He further testified he first saw deceased at a distance of approximately 75 feet, that he

did not reduce his speed but when deceased came out he put on brakes, that deceased had not gotten across the highway when the collision occurred at the center line.

Clarence Hyatt, a passenger in the pulpwood truck, testified the truck was traveling approximately 45 m. p. h. and as it neared the driveway, deceased's truck pulled out and had not completed its left turn when the collision occurred at the center line. He further testified that the pulpwood truck struck the left-front fender and door of deceased's truck when it was partially in the right-hand lane.

Since only the issue of whether Appellant's driver was negligent remained, contributory negligence on the part of Respondent would defeat recovery and such contributory negligence, if any, must be considered in the light of Section 46-124, Code of Laws of South Carolina 1962, which is applicable under the facts here, said Section reading as follows:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on such highway."

In *Spencer v. Kirby*, 234 S. C. 59, 106 S. E. (2d) 883, this Court said:

"The violation of an applicable statute is negligence *per se*, but in order to prevail, defendant must go further and show that the violation contributed as a proximate cause to the injury. Further, the statute must be given a reasonable construction. One about to enter upon a highway from a driveway or private road would not be required to wait unreasonably upon an oncoming vehicle traveling slowly and approaching from a great distance; but the requirement to 'yield' alerts one to possible danger and requires the use of one's senses to apprehend that possible danger. Under certain circumstances, it may be incumbent upon one to stop before entering the highway while under other circumstances a slowing down would be sufficient to 'yield' to oncoming traffic; and conceivably, under different

circumstances, one might 'yield' without even slacking his then speed, but under any and all circumstances, he would be required to exercise such care as a reasonable and prudent person would exercise under such circumstances. The circumstances of each case must govern, and this ordinarily becomes a question for the jury."

Although the driver of an automobile is not necessarily guilty of contributory negligence by driving onto a highway from a private road or drive in front of an oncoming vehicle approaching from some distance away, if the driver, not having the right of way, observes another vehicle near to or approaching close to the private road or drive so that it is apparent that he cannot enter the highway in safety, he is required by statute to yield the right of way; and the fact that he stopped before entering the highway from the other vehicle's right does not give him the right to proceed in the face of oncoming traffic.

"The purpose of stopping before entering a right of way street from a private drive is to enable the driver to observe whether or not cars are approaching and whether or not it is safe for him to proceed out into the street. Consequently the fact that a driver stopped before he entered the main highway does not relieve him from all further responsibility." 2 Blashfield's Cyclopedia of Automobile Law and Practice, Section 1164, p. 467.

"Reasonable caution and prudence would dictate that a driver, before entering a main artery of travel from a private drive, should look for vehicles, which might reasonably be expected thereon, and wait until he could safely enter into the highway. A motorist entering a highway must look for traffic thereon in such a manner that the purpose of looking is accomplished, and he is under a duty to see what is in plain sight, unless some reasonable excuse for not seeing is shown." 2 Blashfield's Cyclopedia of Automobile Law and Practice, Section 1163, p. 464.

The evidence is uncontradicted that Respondent's intestate was safely stopped prior to entering the highway, that

the highway at the intersection is practically straight and level with no obstructions, that the collision occurred approximately the length of the pickup from the intersection and there is no evidence of excessive speed. If the deceased had kept a proper lookout he could have seen the approaching truck and, having seen the truck approaching, should have yielded the right of way. On the other hand, if he failed to look for approaching traffic before entering the highway, he was guilty of negligence in entering the highway at that time. See *Lawter v. War Emergency Co-Operative Ass'n*, 213 S. C. 286, 49 S. E. (2d) 227.

We find no evidence in the record justifying the inference that Appellant, if negligent at all, was guilty of more than simple negligence. And the evidence points conclusively to contributory negligence on the part of Respondent's intestate. It was his duty before attempting to enter the highway to yield to oncoming traffic. Failing to look, he was guilty of contributory negligence or having looked and entered directly in front of Appellant's vehicle, he was negligent. It is obvious, therefore, that he either did not look or he did so in such careless fashion as not to see what was in plain view. In either case, he was guilty of contributory negligence as a matter of law. *Manhattan For Hire Car Corporation of Richmond v. Williams*, 191 Va. 489, 62 S. E. (2d) 10. *Carma v. Swindler*, 228 S. C. 550, 91 S. E. (2d) 254.

For the foregoing reasons, we are of opinion that the verdict and judgment appealed from should be reversed and set aside; and it is so ordered. Reversed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.