18907

Irma C. ROUMILLAT, Respondent, v. Robert L. KELLER, Jr.,
John H. Keller and Kathryn Selvey, Appellants

(167 S. E. (2d) 425)

Messrs. *Young, Clement & Rivers,* of Charleston, *for* *Appellants, Robert L. Keller, Jr.* and *John H. Keller,* ▮

*George E. Campson, Jr. Esq.,* of Charleston, *for Respondent,*

April 17, 1969.

LEWIS, Justice.

Plaintiff sustained injuries when the car in which she was riding was struck headon by an automobile driven by

defendant John H. Keller which had been struck just moments before by an automobile driven by defendant Kathryn Selvey. This action was brought against both Keller and Selvey on the theory that their joint and concurrent negligence contributed to the damages sustained by plaintiff. A verdict was returned against both defendants in the amount of $50,000.00 actual damages, from which *only* the defendant Keller has appealed.

The appeal presents two questions. The first is whether the evidence shows any actionable negligence on the part of the appellant Keller. The second concerns the admissibility of certain expert testimony.

In determining whether the evidence sustains a finding of actionable negligence on Keller's part, we must, of course, consider the testimony and the reasonable inferences to be drawn therefrom in the light most favorable to the verdict.

The accident occurred about 7 P.M., in Charleston, South Carolina, just west of the North Ashley River Bridge, on Highway No. 7. The highway at this point is a four lane roadway, two lanes for eastbound and two for westbound traffic, separated by a median strip of double yellow lines. The speed limit was 45 m.p.h. It was dark and headlights on all vehicles on the highway were burning. The weather was clear and the roadway dry. While westbound traffic was rather light at the scene, eastbound traffic was heavy.

The vehicle of defendant Keller was in collision with, both, that of defendant Selvey and the one in which plaintiff was riding. The first was with the automobile driven by Selvey. Selvey and Keller were meeting, Selvey proceeding east and Keller west. The collision occurred when Selvey drove her car from her side of the roadway, across the median strip, and struck the Keller car about the left front wheel and down the left side. Keller was on his proper side of the median strip, proceeding on the inside lane for westbound traffic at an estimated speed of about 60 to 65

m.p.h. and approximately 50 yards ahead of any other traffic proceeding in his direction. He made no turn to the left or right, nor did he apply the brakes, prior to the collision with Selvey. For some distance prior to striking the Keller vehicle, Selvey had been driving at a speed of approximately 40 m.p.h., in a very erratic and reckless manner, moving back and forth in heavy traffic across the lanes of travel on her side of the road and on three or four occasions crossed the median strip. She crossed the median strip about fifty yards from the point of the collision, moved back to her side of the road into her extreme right lane, travelled in that lane for a short distance and then turned to her left, at about a 45 degree angle across the median strip into the automobile of Keller. There were eastbound vehicles travelling in front of and to the rear of Selvey, the collision with Keller taking place about twenty yards behind a car which was proceeding ahead of her on the inside eastbound lane. The collision with Selvey extinguished the headlights on the Keller car.

The impact of the vehicles caused the Keller car to swing to its right. It then veered to its left a c r o s s the median s t r i p and traveled a distance of aproximately 105 yards, hitting head-on the a u t o m o b i l e in which plaintiff was riding. The brakes on the Keller vehicle were not applied and it was not turned to the right or left, apparently following the direction set by the impact with the Selvey car. While the brakes were not applied, there were intermittent tire skid marks from the point of impact with the Selvey car to that with the car in which plaintiff was riding. There was also a continuous mark on the pavement along the path of the Keller car, as if metal had been dragging. After the collisions the damage to the Keller car was sufficient to have made it impossible to steer it or apply the brakes, but the extent of the damages caused by each impact could not be accurately determined. Keller testified that the steering gear would not respond to his effort to turn the car after the first impact. He said that he

did not attempt to apply the brakes because he was dazed and momentarily blinded by shattered glass.

■ The record strongly, if not conclusively, supports the inference that the first collision (between Selvey and Keller) occurred when Selvey drove from her side of the highway into Keller's lane of travel, so abruptly that Keller was unable to take any action to avoid hitting her car. While Keller was traveling at a speed of approximately 65 m.p.h. in an area where the maximum lawful speed was 45 m.p.h., we may assume for the purposes of this decision that the unlawful act of defendant Selvey in suddenly entering Keller's rightful lane of travel was the proximate cause of that collision. *Horton v. Greyhound Corporation,* 241 S. C. 430, 128 S. E. (2d) 776; *Aldridge v. Hasty,* 240 N. C. 353, 82 S. E. (2d) 331. This however, would not necessarily absolve Keller from liability to plaintiff. For, notwithstanding the failure of Keller's speed to constitute a proximate cause of the collision with Selvey, his speed would constitute a proximate cause of his subsequent collision with plaintiff if, but for such excessive speed, the second collision could have been avoided in the exercise of due care.

■ Plaintiff charges that Keller was operating at an excessive rate of speed and failed to maintain proper control of his vehicle after it was in collision with Selvey, so as to prevent it from crossing the yellow median line and crashing head-on into the automobile in which plaintiff was a passenger. She relies upon the sound principle that a motorist has the duty to exercise due care to control his vehicle even though it was wrongfully set in motion by impact of another vehicle. 2 Blashfield Automobile Law and Practice, page 322, Section 105.8.

■■ Speed has a direct relation to the ability of a motorist to control his vehicle and, if the failure of Keller to control his vehicle after the first collision, so as to avoid the second one, was due to excessive speed, then excessive speed becomes at least a contributing proximate

cause of the second collision, although prevented from so acting as to the first because of the wrongful act of Selvey in abruptly entering Keller's lane of travel.

The vehicle in which plaintiff was riding was proceeding east in the inside lane of travel, meeting defendant Keller. After the impact with Selvey, Keller's vehicle crossed the yellow median line to its left, travelled a distance of approximately 105 yards down the highway and, while still moving, struck head-on the automobile in which plaintiff was a passenger. Keller testified that he did not attempt to apply his brakes but did try unsuccessfully to turn the steering wheel. He says that he did not apply the brakes because he was in a dazed condition from the first impact but remembers at the same time that he attempted to turn the wheel. A jury could have concluded that Keller's condition, which did not keep him from attempting to steer the car, would not have prevented him from applying the brakes. While his car had been damaged in the collision with the Selvey vehicle, the nature of the impact was such that the jury might reasonably conclude that, but for the excessive speed, it could have been so controlled in a distance of 105 yards as to have avoided the collision with plaintiff.

It is very material that Keller was operating his automobile at an excessive speed in congested traffic. Under the present facts, such speed cannot be causally disassociated from the disastrous result to plaintiff. The facts support the inference, evidently drawn by the jury, that the momentum generated by such unlawful speed deprived Keller of the ability to control his vehicle in a reasonable manner. We think that the evidence sustains the finding of actionable negligence against the defendant Keller. As heretofore pointed out, the co-defendant Selvey did not appeal.

Finally, it is contended that the trial judge erred in refusing to permit the witness, David L. Salley, an experienced automobile damage appraiser and repairman, to give his opinion as to the physical damage done to defendant

Keller's automobile in each of the two collisions. The impact of the first collision was to the left side and the second was head-on. The ability of Keller to steer his automobile after the first collision was an issue. He sought, in addition to his own testimony, to have the expert witness give an opinion as to the damage done in the first collision in an effort to show that the car was mechanically incapable of being steered after the impact.

The opinion of the witness was based upon his examination of the vehicles some time after the collisions. Pictures were introduced showing their condition and the witness was permitted to testify in detail as to the damages done, but he was not allowed to give his opinion as to what damages were caused by each impact. We find no error in the exclusion of this testimony. *Jenkins v. E. L. Long Motor Lines, Inc.,* 233 S. C. 87, 103 S. E. (2d) 523; *Smith v. Hardy,* 228 S. C. 112, 88 S. E. (2d) 865.

Affirmed.

Moss, C. J., Bussey and Brailsford, JJ., and Wade S. Weatherford, Jr., Acting Associate Justice, concur.