Judson C. DICKARD, Respondent, v. Bryan MERRITT, Appellant.
(182 S. E. (2d) 886)

Messrs. *J. D. Todd, Jr., Esq., Leatherwood, Walker, Todd & Mann,* of Greenville, and *Felix L. Finley, Jr., Esq.,* of Pickens, *for the Appellant,*

*Messrs. Love, Thornton, Arnold & Thomason* and *Ernest J. Howard, Esq.,* of Greenville, and *J. D. Vickery, Jr., Esq.,* of Pickens, *for Respondent,*

August 3, 1971.

Bussey, Justice.

Plaintiff-respondent recovered a verdict for actual damages in the amount of $60,000 for quite serious personal injuries sustained when the car in which he was driving was in collision with a truck owned and operated by defendant-appellant. The collision occurred in August 1968 on South Carolina Highway 8 in Pickens County, a short distance south of the City of Easley. While there are a number of questions on appeal, the principal contention of the defendant is that the collision was an unavoidable accident, without any fault on his part.

In determining whether the defendant was entitled to a directed verdict or judgment *non obstante veredicto,* it is elementary that the evidence, together with all the inferences reasonably deducible therefrom, has to be viewed in the light most favorable to the plaintiff. We proceed to review the evidence and state the facts in the light of such principle.

Defendant's vehicle was a milk truck with a load capacity of approximately 8,000 pounds, carrying at the time a load of 5,500 pounds. Such truck was proceeding in a northerly direction, while a Chevrolet automobile driven by the plaintiff was proceeding in a southerly direction. Approaching the scene of the collision, from both north and south, there are signs indicating an S curve and specifying a speed limit of 35 miles per hour, all of said signs being quite some distance in either direction from the point of impact. Beyond the signs facing a northbound traveler the road goes over a hill, curves to the left downhill, goes through the intersection of a secondary road, which intersects from the west, and then curves sharply to the right. The actual point of

the collision was a short distance north of the intersection of the secondary road and, admittedly, in the southbound or plaintiff's lane of Highway No. 8.

Briefly stated, it is the defendant's contention that due to a latent defect in the lock rim of the left front wheel of his truck the inner tube exploded causing him to lose control of the truck, veer across the center of the highway, and collide with the front of the vehicle driven by plaintiff. It is conceded that one or more explosions occurred prior to the collision and there is evidence that both front tires on the truck were flat after the collision. Evidence on behalf of the defendant tending to prove the latency of the defect which allegedly caused the tube explosion is unrefuted in the record. Conceding, however, that the defendant was not responsible for the blowout, there was, we think, abundant evidence of actionable negligence on his part.

As defendant approached the scene he was not only in a 35 mile per hour zone, but was going over and down a hill, through a curve to his left, through an intersection of another highway and into a sharp curve to his right. There is evidence that his speed was as much as 50 miles per hour at the time of the blowout and that at the point of impact, some 300 feet away, his speed was still 30 to 35 miles per hour. The brakes of the truck were applied with considerable skid marks being laid down. The front ends of both vehicles were substantially demolished; the plaintiff's car was turned completely around and headed back toward Easley; and the truck, after the collision, proceeded a considerable distance down the west shoulder of the highway into a ditch, with its front end buried in a bank. When all of the foregoing evidentiary matters are considered, we deem it so abundantly clear that the defendant was not entitled to a directed verdict as to render unnecessary the discussion of pertinent statutory or case law.

Defendant contends that the trial judge should have granted his motion to strike from the complaint the allegations of negligent failure to keep a proper look-

out. There was no error in this respect. Defendant himself testified that he was not sure he remembered seeing the speed limit sign prior to the time of the accident. Additionally, he testified that he had driven this particular highway thousands of times and this fact coupled with the evidence as to his speed and manner of driving is clearly susceptible of the inference that he was oblivious to the particular part of the highway which he was reaching and traversing and the dangerous nature thereof.

The defendant asserts error on the part of the trial judge in charging the jury, *inter alia,*

"I charge you that a motorist has the duty to exercise due care to control his vehicle even though it was set in motion by means over which he had no control."

The foregoing charge is a rather inept statement of a very sound proposition of law, and taken out of context seems rather confusing. We might add that had not the objection thereto been quite as ineptly stated as the charge itself, His Honor might well have clarified it. Immediately preceding the quoted portion of the charge, the trial judge had instructed the jury that a defendant would not be liable for the inability to control the movement of his vehicle resulting from a latent defect unknown to him and not reasonably discoverable. By the quoted language he was simply attempting to tell the jury that a motorist had the duty to exercise due care to bring his vehicle back into control after its initial loss of control by a means for which he was not responsible. When considered in context, we do not see how the jury could have been misled by this charge which is in line with the opinion of this Court in *Roumillat v. Keller,* 252 S. C. 512, 516, 167 S. E. (2d) 425, 428, as follows:

"She relies upon the sound principle that a motorist has the duty to exercise due care to control his vehicle even though it was wrongfully set in motion by the impact of another vehicle. 2 Blashfield, Automobile Law and Practice, page 322, Sec. 105.8."

Defendant next contends that the trial judge did not properly and adequately charge the law of unavoidable accident. The basis of this contention is that the judge did not charge verbatim all of the defendant's requests to charge. Our examination of the charge convinces us that His Honor quite fully and comprehensively charged the law of unavoidable accident. He charged a number of defendant's requests to charge and, had he charged them all, we are inclined to agree with the plaintiff that he would have been unduly repetitious.

Finally, the defendant asserts prejudicial error in connection with a supplemental charge of the court as to the violation of traffic statutes constituting negligence *per se*. Inadvertently, the judge overlooked charging the jury on this facet of the law and, upon the omission being called to his attention, he included a standard instruction thereabout in his supplemental charge. But prior thereto, the following occurred between counsel for the defendant and the court:

"Mr. Todd: * * * we object to Your Honor's not charging the requests we requested.

"If you do charge the violation of the statute as negligence *per se,* we think you should charge our request in connection therewith.

"The Court: I have already gone into that."

Although counsel did not specify, he obviously referred to his request No. 1, and the court obviously so understood him. That request had embodied therein, *inter alia,* an instruction to the effect that, "if the violation of such statute has been caused by latent defect or a sudden mechanical failure then such violation of statute would be excused and would not constitute negligence * * *." We interject, that defendant's request No. 1, in its entirety, was more favorable to the defendant than the issues and evidence in the case entitled him to, and a denial to charge the same in its entirety was proper.

When the court said, "I have already gone into that" he obviously was referring, *inter alia,* to the following portion of his charge:

"Now, a latent defect is a hidden defect, one which is not open to view upon reasonable inspection. If because of some latent defect unknown to the owner and operator and not reasonably discoverable upon proper inspection he is not able to control the movement of his vehicle he is not negligent and for that reason not liable for injuries directly resulting from such loss of control. Injuries so caused result from an unavoidable accident."

Previous to the foregoing, His Honor had fully and concisely instructed the jury on sudden emergency, unavoidable accident, and that there could be no liability on the part of the defendant without fault on his part.

In any event, the matter was not further pursued by counsel, after the court called attention to what had already been charged, and it is, at best, doubtful whether any issue has been properly preserved for our consideration. He did not contend then, as he seems to argue here, that he was prejudiced by the charge on statutory negligence being given out of context, or order, without the then repetition of sound principles of law already charged by the court. In any event, however, we are unconvinced that there was any prejudicial error in this respect. It is an elementary proposition of law that the charge of a trial judge must be considered as a whole and the individual portions thereof viewed in the light of and in context with the rest of the charge. *Smith v. Winningham,* 252 S. C. 462, 166 S. E. (2d) 825. See the many cases collected in West's South Carolina Digest, Trial, Key No. 295.1.

When His Honor's charge is considered as a whole, we are convinced that it was quite fair to the defendant and that the jury was not in any respect misled to his prejudice. We conclude that no reasonable jury could have been led to believe, as now argued by the defendant,

that he could be held liable for driving to the left of the center of the highway on the theory of negligence *per se,* despite his driving to the left being caused solely by a defect for which he was not responsible and over which he had no control.

We conclude that all exceptions of the appellant are without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.