### 20278

Patsy W. BLANDING, Executrix of the Estate of Joseph W. Warren, Appellant, v. Richard Carl HAMMELL, Respondent.

(228 S. E. (2d) 271)

*Messrs. Richardson, James & Player,* of Sumter, *for Appellant,*

354

*Messrs. M. M. Weinberg, Jr., and Edward V. Atkinson,* of Sumter, *for Respondent,* 

September 7, 1976.

NESS, Justice:

This wrongful death action was brought pursuant to S. C. Code § 10-1951 (1962) by the executrix of the estate of Joseph W. Warren who died as a result of injuries sustained in a truck-automobile collision on November 19, 1974.

The complaint alleged that Warren's death was due to the negligence and recklessness of the defendant-respondent in the operation of his pickup truck. The defendant denied any negligence of recklessness and pleaded the affirmative defense of contributory negligence and recklessness. Hence, the legal issues related to the negligence and recklessness of the drivers of the vehicles and proximate cause.

The trial judge granted defendant's motion for a directed verdict. He concluded the sole proximate cause of this accident was the negligence or contributory negligence on the part of the deceased (appellant). The lower court also held that if the defendant was negligent and his negligence was a concurring cause of the accident "certainly more than half the negligence would be on the part of the plaintiff." We agree that the cause of the accident was the sole negligence of the deceased and affirm the judgment.

Under settled principles, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the plaintiff.

The collision occurred at about 5:00 p. m. on November 19, 1974. The deceased attempted to cross over a four lane highway from a private entrance to a bait shop. He had a clear, unobstructed view in the direction of the defendant. The deceased stopped before entering the highway, looked in the direction of the defendant's approaching vehicle, and started across the road. When he reached the inside southbound lane (after crossing one lane) his car collided with the defendant's.

When the defendant was about 500 feet from the site of the accident, he observed the deceased stopped, preparing to cross the highway. The defendant occupied the outside lane and changed to the inside lane, glancing in his rear view mirror to do so. After changing lanes, he checked for traffic approaching from upcoming intersection and didn't see the deceased's car until 30 feet prior to impact. Defendant applied his brakes but was unable to stop; the cars collided resulting in the death of Warren and causing substantial damage to the cars.

Plaintiff argues there was evidence that the defendant was negligent in speeding and in failing to keep a proper lookout.

> While there is some evidence of speed slightly above the posted limit, it was not a contributing factor in the mishap. All of the testimony supported the de-

fendant's version of the accident: that the plaintiff pulled directly in front of the defendant; that the defendant had changed lanes five or six hundred feet prior to the accident, which required him to look in his rear view mirror; that he checked for merging traffic and did not observe the deceased in the road until he was 30 feet away. The impact caused substantial damage to both vehicles. Under these circumstances, assuming the defendant was speeding, his speed was not so excessive as to have misled the deceased into thinking he could safely cross the highway, or to have increased his own braking distance so that the accident might have been avoided, or otherwise have been a cause of the accident.

The relationship of the plaintiff and defendant is reversed from that in *Odom v. Steigerwald,* 260 S. C. 422, 196 S. E. (2d) 635 (1973), but the significance of speed is analogous.

In *Odom* the plaintiff was struck by a vehicle attempting to cross his path from a servient road. The judge refused to direct a verdict for the plaintiff because the defendant had introduced controverted evidence of the plaintiff's speed. The jury returned a verdict for the defendant.

This Court concluded that any excessive speed on the part of the plaintiff was not a contributing cause of the accident. Whether "the plaintiff was driving at an excessive rate of speed and was negligent, we think, as a matter of law, that such was not a contributing proximate cause. The real cause, the more immediate and efficient cause, was the improper driving conduct of young Steigerwald (the defendant who entered the superior road). By driving his car directly into the path of plaintiff's vehicle when plaintiff was obviously so close to the intersection, young Steigerwald created a trap from which plaintiff could not escape." 260 S. C. p. 428, 196 S. E. (2d) p. 638.

Other recent related cases in which speed has been held, as a matter of law, not to have been a concurrent cause in an automobile collision are *Guyton v. Guyton,* 244 S. C.

357, 137 S. E. (2d) 273 (1964); *Horton v. Greyhound Corporation,* 241 S. C. 430, 128 S. E. (2d) 776 (1962) and *Kennedy v. Carter,* 249 S. C. 168, 153 S. E. (2d) 312 (1967). In those rare cases, such as this, where speed has not been a causative factor, the court has focused on the inevitability of the accident, irrespective of the defendant's speed, due to an unexpected entry of the plaintiff into the defendant's right of way. Of course, in most automobile accident cases, speed creates imponderable issues of time and distance which must be resolved by the jury. In the instant appeal, any excessive speed on the part of the defendant was coincidental and not a cause of the accident.

The plaintiff also argues that the defendant failed to keep a proper lookout. The defendant was traveling upon a favored roadway and had the right of way, but he owed a duty of due care to maintain a proper lookout under all of the circumstances. One important circumstance is that the defendant was entitled to assume a stopped vehicle entering the highway from a private drive or parking lot would wait to cross or enter the highway until it was safe to do so. *Eberhardt v. Forrester,* 241 S. C. 399, 128 S. E. (2d) 687 (1962).

South Carolina Code § 46-424 (1962) provides: "[t]he driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on such highway."

This section requires a motorist to look before entering a main highway and wait until he can enter safely. He must look for traffic thereon and in order that the purpose of looking is accomplished, he is under a duty to see what is in plain sight, unless some reasonable excuse for not seeing is shown. To enter a highway after stopping but without looking properly is as ineffective as to enter without stopping and without looking. The stopping is required to afford a better opportunity for looking. *Williams v. Davis,* 243 S. C. 524, 134 S. E. (2d) 760 (1964).

In the absence of circumstances alerting the defendant that deceased would recklessly enter the four lane highway from a private parking lot, the defendant could assume he would comply with the statute and exercise caution before entering the highway. Defendant knew the deceased had a clear, unobstructed view of approaching traffic. The defendant had seen him stop and defendant's actions thereafter in changing lanes, checking for traffic approaching an intersection, and not seeing the deceased's vehicle until he was 30 feet away was not evidence of a failure to maintain a proper lookout. As noted in *Guyton v. Guyton, supra,* "[a]n automobile may not be controlled by brakes or steering so as to avoid a hazard which becomes apparent for only a 'split second' before the point of impact is reached." 244 S. C. p. 361, 137 S. E. (2d) p. 275. While more than a split second elapsed between the time the defendant looked into his mirror to change lanes until he observed the Warren car in the road, it was not enough time to give rise to an inference of improper lookout. Even if the defendant were proceeding within the speed limit, only a couple of seconds elapsed and, as in *Guyton,* was not evidence of failure to keep a proper lookout.

Appellant has argued several other exceptions concerning the conduct of the trial which we have considered and find to be without merit.

Judgment affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.