## 20557

Randall GRAHAM, Respondent, v. William Tilton SUGGS and Frank Sarvis, Appellants.

(239 S.E. (2d) 644)

*McCaskill and Horton,* of Conway, *for Appellant, Suggs,*

*Allen L. Ray, of Conway, for Appellant, Sarvis.*

*William T. Johnson, Jr.,* of Conway, *for Respondent,*

December 5, 1977.

Ness, Justice:

Respondent Graham commenced this action against appellants to recover for injuries sustained in a three car collision. This appeal is from a jury verdict of $25,000.00. We affirm.

Respondent was enroute to Bell's welding shop on a two lane paved road in a rural area of Horry County. As he approached the shop's driveway at a slow rate of speed with his signal indicator flashing, appellant Sarvis sat in his parked truck on the shoulder of the road near the driveway, headed in the same direction as respondent.

Respondent looked for approaching traffic as he commenced his left turn. At this time Sarvis allegedly drove his pickup truck forward and blocked respondent's entrance into the driveway. Respondent testified that he "mashed" his brakes to avoid a collision and immediately thereafter was struck by the automobile driven by appellant Suggs, which was traveling in the opposite direction. Following this impact, respondent's car struck Sarvis' pickup truck.

The testimony of the parties was contradictory on two critical points. While respondent claimed that Sarvis pulled his truck forward and blocked respondent's entrance into the driveway, Sarvis denied that he moved his vehicle forward at all. Furthermore, although respondent testified that he never saw the oncoming Suggs' vehicle, both Sarvis and a passenger in his pickup truck, Marlowe, stated they saw the Suggs' automobile approaching for approximately 200 yards and knew a collision was imminent. Suggs did not testify.

Sarvis assigns error to the lower court's denial of his motions for directed verdict and judgment N. O. V. Suggs asserts error in the denial of his motion for judgment N.O. V. and to the judge's charge of the doctrine of last clear chance.

Under settled principles, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the party opposing the motion. *Allstate Insurance Company v. State Farm Mutual Automobile Insurance Company,* 260 S. C. 350, 195 S. E. (2d) 711 (1973); *Blanding v. Hammell,* 267 S. C. 352, 355, 228 S. E. (2d) 271 (1976). Upon so viewing the evidence, if more than one reasonable inference can be drawn, or if the inferences are in doubt, the motions should be denied. *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575 (1965); see also decisions collected in 3 S. C. Digest, Appeal & Error, Key 933(1); Wigmore on Evidence, §§ 2494, 2495; McCormick on Evidence, § 338.

630

Apart from the conflict in testimony regarding the movement of Sarvis' truck and the visibility of Suggs' automobile, there was also a dispute concerning the rate of speed at which Suggs was driving. The force of the collision and the distance travelled after impact were sufficient to raise an inference of Suggs' excessive speed. *Phillips v. Davis, et al.,* 225 S. C. 395, 405, 82 S. E. (2d) 515 (1954); *Barnum v. Martin,* 135 Ga. App. 712, 219 S. E. (2d) 341, 343 (Ga. App. 1975); 8 Am. Jur. (2d) Section 949, page 493; 93 A. L. R. (2d) 287.

We believe the evidence and the inferences deducible therefrom created a jury issue regarding the fault of the three parties. Accordingly, the trial judge correctly denied appellants' motions for directed verdict and judgment N. O. V.

Neither are we persuaded by Suggs' exception to the trial judge's charge on the doctrine of last clear chance. The evidence is uncontradicted that respondent was proceeding down the road at a slow rate of speed with his turn signal flashing. He looked down the highway to the point of a curve some 264 yards away and did not see the approaching Suggs' vehicle. Viewing the evidence in the light most favorable to the respondent, and assuming Suggs was traveling 55 miles per hour, he would have had over ten seconds to recognize respondent was in a position of peril from which he could not extricate himself. Suggs, who might have testified whether or not he in fact had the last clear chance to avoid the collision, chose not to take the stand. When the question of last clear chance is sufficiently in doubt, its submission to the jury is justified. *Bruin v. Tribble,* 238 F. (2d) 12, 14 (4th Cir. 1956). Moreover, even if the trial judge erred in charging the doctrine of last clear chance, we believe the error, if any, was harmless. The negligence of the parties was a matter for the jury to determine, and their verdict finds ample support in the record.

Affirmed.

Lewis, C. J., and Littlejohn, Rhodes *and* Gregory, JJ., concur.