GENERAL MOTORS CORPORATION, A Delaware Corporation, Appellant, *v.* CHARLENE REAGLE, Individually; CHARLENE REAGLE, Guardian ad Litem of CHANCE W. P. REAGLE, STACEY M. REAGLE and KAREY C. REAGLE, Minors, Respondents.

No. 16398

February 20, 1986                                714 P.2d 176

[Rehearing denied May 28, 1986]

*Beckley, Singleton, DeLanoy & Jemison,* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*W. Randall Mainor,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

On June 1, 1981, mechanic William Reagle was fatally struck by a motorhome which was being driven into a service bay. The driver of the vehicle testified that it accelerated rapidly when only slight pressure was applied to the gas pedal. In addition, there was a total loss of power brakes. The chassis of the vehicle was manufactured by General Motors Corporation (GM). An enhanced braking system which could have prevented the accident was available on other GM vehicles, but was not available on any motorhome chassis manufactured by GM.

Suit was brought by Mrs. Reagle, on behalf of herself and her three children. The jury returned a verdict in favor of the Reagles, on a theory of negligence.

GM's first contention is that the evidence was insufficient to support the verdict. It is well established that, in considering such a claim, this court must look at the facts from the viewpoint of the prevailing party, assuming that the jury believed all the evidence favorable to that party and drew all reasonable inferences in his favor. *See, e.g.,* El Dorado Hotel v. Brown, 100 Nev. 622, 626, 691 P.2d 439-40 (1984). The verdict will be overturned only if there is no substantial evidence to support it. *Id.* Where, as in this

case, several theories of negligence are presented, it is necessary only that substantial evidence exists to support any one of those theories. After reviewing the trial transcript and applying these standards, we conclude that there was substantial evidence to support the verdict.

GM's next contention is that the district court erred in determining offset for previous settlements under NRS 17.245 (Article 4 of the Uniform Contribution Among Tortfeasors Act).[1] Prior to trial, settlements were reached with the manufacturer and retailer of the motorhome. Both settlements included provisions for the purchase of annuities for the Reagle children. One defendant provided funds necessary for Mrs. Reagle to purchase the annuities, while the other defendant itself purchased annuities on the children's behalf. The cost of the latter annuities was not specified in the settlement agreement, but the agreement did state the total future return which the annuities would yield.

The trial court held that GM was entitled to offset the present value of the annuities. GM claims that it is entitled to offset the total amount which the annuities will eventually pay.

The language of NRS 17.245 indicates an intent to allow plaintiffs to settle with one tortfeasor without losing the right to proceed against the rest, while at the same time preventing double recovery to the plaintiff. Since the Reagles will not receive the face amount of the annuities for many years, the actual "consideration" they have received is the present value of the annuities. In order to allow full recovery, it is necessary to reduce the verdict by only the present value of the structured settlement package. This was not specified in the release. The trial court determined the value of the annuities based on the only evidence presented. GM did not offer evidence, and cannot now complain concerning the computation of offset.

GM's remaining contentions are unmeritorious. Respondents' request for sanctions under NRAP 38 is denied. The judgment is affirmed.

---

[1]NRS 17.245 provides, in relevant part:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater . . . .