23616

Tahirah TUBBS, a minor under the age of fourteen years, by her Guardian ad Litem, Beverly DUREN, Appellant/Respondent v. Mary Jo Denise BOWIE, Respondent/Appellant.

(417 S.E. (2d) 550)

Supreme Court

*James B. Richardson, Jr.,* and *Gerald F. Smith,* both of *Svalina, Richardson & Smith,* Columbia, and *Ernest A. Finney, III,* Sumter, *for appellant/respondent.*

*Robert W. Brown* and *M.M. Weinberg, III,* both of *Weinberg, Brown and McDougall,* Sumter, *for respondent/appellant.*

Heard Jan. 6, 1992.

Decided April 6, 1992.

CHANDLER, Justice:

These cross-appeals involve the extent of liability of Mary Jo Denise Bowie (Bowie), to her niece, Tahirah Tubbs (Tubbs), for injuries Tubbs sustained in an auto accident while riding as a passenger in Bowie's vehicle.

We affirm in part, reverse in part and remand.

## FACTS

On June 15, 1988, Bowie's vehicle collided with a dump truck driven by one Leroy Willard and owned by Glasscock Trucking Company (Glasscock). Tubbs, a passenger in Bowie's auto, sustained facial abrasions and a severe hip fracture, requiring surgery. Through her Guardian ad Litem, she instituted this action against Glasscock and Bowie.

Prior to trial Glasscock settled with Tubbs, agreeing to pay her $146,907.88 in cash and to purchase for her an annuity costing $123,809. Payments from the annuity commence in 1995 and extend over Tubbs' lifetime with a total potential payout of approximately $2,000,000. The total cost to Glasscock of the settlement was $270,716.88.

In the ensuing trial against the sole defendant, Bowie,[1] the jury returned a verdict of $325,000. Bowie moved for judg-

---

[1] The jury was advised, by stipulation, that Glasscock had been dismissed as a defendant.

ment notwithstanding the verdict (JNOV), contending (1) that she was not negligent but that, even if she were, her negligence did not contribute as a proximate cause of the accident, and (2) that the jury's $325,000 verdict should be offset by the $2,000,000 value of the annuity, the effect of which would be to absolve her of liability for damages.

Circuit Court held (1) that the issues of negligence and proximate cause were properly submitted to the jury and (2) that the $2,000,000 value of Tubbs' annuity, exceeding the jury verdict of $325,000, operated as a complete release of Bowie.

## ISSUES

Did the court err
- (1) in submitting the issues of negligence and proximate cause to the jury, and
- (2) in applying the $2,000,000 value of the annuity as an offset to the jury's verdict of $325,000?

## DISCUSSION

### I. NEGLIGENCE/PROXIMATE CAUSE

Bowie asserts she was entitled to directed verdict and JNOV, as there was no evidence either (1) that she was negligent or (2) that even if she were negligent, her negligence proximately contributed to the accident. We disagree.

In reviewing the denial of motions for directed verdict and JNOV, this Court must view the evidence and its inferences in the light most favorable to the opposing party. If the evidence is susceptible of more than one reasonable inference, the case must be submitted to the jury. *Warren v. Watkins Motor Lines*, 242 S.C. 331, 130 S.E. (2d) 896 (1963).

Although there is contrary evidence, there is other evidence from which the jury could infer that Bowie, travelling at a high and excessive speed, failed to take appropriate action upon seeing the Glasscock truck entering the highway at a distance of some 350 feet. Clearly, the issue of liability was one for the jury.

Reliance by Bowie upon our opinions in *Blanding v. Hammell*,[2] *Odom v. Steigerwald*,[3] and *Horton v. Greyhound*,[4] is misplaced. Each of those cases involved entry of a vehicle from a servient roadway onto the main highway, in such an abrupt fashion that an accident could not have been avoided, notwithstanding the excessive speed of the oncoming vehicle. In *Blanding*, we noted

> In those rare cases . . . where speed has not been a causative factor, the court has focused on the *inevitability of the accident*, irrespective of the defendant's speed, due to an unexpected entry of the plaintiff into the defendant's right of way. Of course, *in most automobile accident cases, speed creates imponderable issues of time and distance which must be resolved by the jury.*

267 S.C. at 357, 228 S.E. (2d) at 272-273. (Emphasis supplied.)

Here, we cannot hold as a matter of law that the accident was inevitable. Accordingly, the case was for the jury's determination and JNOV was properly denied.

## II. OFFSET FOR STRUCTURED SETTLEMENT

Tubbs contends she is entitled to recover from Bowie $54,283.12, representing the difference between the jury's verdict of $325,000, and the actual cost of Glasscock's structured settlement of $270,716.88.

Conversely, Bowie contends that the offset which should be applied to the jury verdict is not the $270,000 cost of the structured settlement but, rather, its $2,000,000 lifetime value. We disagree and hold that Bowie is entitled only to offset the cost to Glasscock of the settlement.

Although this Court has not addressed the precise issue, we have held that one tortfeasor is entitled to credit for the amount *paid* by another tortfeasor. *Powers v. Temple*, 250 S.C. 149, 156 S.E. (2d) 759 (1967). More recently, the Court of Appeals has held:

A release which is not effective as a full release of all tort-

---

[2] 267 S.C. 352, 228 S.E. (2d) 271 (1976).
[3] 260 S.C. 422, 196 S.E. (2d) 635 (1973).
[4] 241 S.C. 430, 128 S.E. (2d) 776 (1962).

feasors is a satisfaction "pro tanto" and reduces the amount of damages against the nonsettling tortfeasors *by the amount of the consideration of the release.* (Citation omitted, emphasis supplied.)

*Loyd's, Inc. v. Good, et al.,* 412 S.E. (2d) 441, 444 (S.C. App. 1991).

Moreover, other jurisdictions which have addressed the effect of structured settlements on the rights of nonsettling joint tortfeasors have adopted the present-value approach. *See, e.g., General Motors Corp. v. Reagle,* 102 Nev. 8, 714 P. (2d) 176 (1986); *Franck v. Polaris E-Z Go Div. of Textron, Inc.,* 157 Cal. App. (3d) 1107, 204 Cal. Rptr. 321 (1984). It is also widely used in determining the amount of contingent attorney fees in structured settlements involving annuities. *See generally Annot.* 31 A.L.R. 4th 95 (1984). The cases hold that the actual cost of cash payments and annuities is the proper basis upon which to determine a contingent fee. *See, e.g., Tobias v. Autore,* 182 N.J. Super. 328, 440 A. (2d) 1171 (1982); *Merendino v. FMC Corp.,* 181 N.J. Super. 503, 438 A. (2d) 365 (1981); *Johnson v. Sears,* 291 Pa. Super. 625, 436 A. (2d) 675 (1981); *Donaghy v. Napoleon,* 543 F. Supp. 112 (D.N.J. 1982). Finally, this approach is generally adopted in determining the offset due a worker's compensation carrier/employer when an injured employee accepts a structured settlement with a third-party tortfeasor. *See Old Republic Ins. Co. v. Ashley,* 722 S.W. (2d) 55 (1986); *Hagen v. Venem,* 366 N.W. (2d) 280 (Minn. 1985).

The rationale for the present-cost approach: it "reflects the amount of money the third party tortfeasor would have to pay the employee immediately for the amount ultimately paid out under the settlement to accrue under an annuity plan." *Hagen,* 366 N.W. (2d) at 285.

Here, Tubbs could have accepted a cash settlement of $270,000 from Glasscock and purchased her own annuity. In that event, there is no question that Bowie would be entitled only to offset the amount of the cash payment to Tubbs. Tubbs' acceptance of an annuity, purchased by Glasscock, does not change this result.[5] Accordingly, we hold

---

[5] Bowie's contention that Tubbs will receive a tax "windfall" under the annuity is irrelevant. *See Franck v. Polaris E-Z Go Div. of Textron,* 157 Cal. App. (3d) 1107, 204 Cal. Rptr. 321 (1984).

that Bowie is entitled to an offset only of the actual cost to Glasscock of the settlement.

We affirm judgment of the Circuit Court on the issue of liability, but reverse and remand for entry of judgment in favor of Tubbs in the amount of $54,283.12.

Affirmed in part; reversed in part and remanded.

HARWELL, C.J., TOAL and MOORE, JJ., and RANDALL T. BELL, Acting Associate Justice, concur.