THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William Black
 and Debbie Black, Appellants,
 
 
 

v.

 
 
 
 Danielle P.
 Cayia, Deborah Davis Cayia, Michael R. Knox and Tung Van Dao, Respondents.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2011-UP-302
 Submitted March 1, 2011  Filed June 17,
2011

AFFIRMED

 
 
 
 Ralph S. Kennedy, Jr. and Robert M. Cook,
 II, both of Batesburg-Leesville, for Appellants.
 L. Darby Plexico, III, of Columbia, for Respondents.
 
 
 

PER CURIAM: William
 Black and Debbie Black[1] (the Blacks) appeal from the trial court's order granting summary judgment to
 Michael Knox and Tung Van Dao (collectively, Respondents).  The Blacks argue
 the court erred in granting summary judgment to Knox because there was evidence
 his negligence was not limited to his speeding.  We affirm.[2]
FACTS
William Black was
 a passenger in a vehicle driven by Respondent Knox and owned by Respondent
 Dao.  The vehicle driven by Knox was involved in an accident with a vehicle
 driven by Danielle Cayia and owned by Deborah Cayia.  The Blacks filed a
 complaint against both drivers and owners, alleging the individual and joint
 negligence of both drivers caused the collision.  Black testified in his
 deposition that Knox was driving as fast as 45 miles per hour on a four-lane
 road with a 35 mile per hour speed limit.  Cayia was stopped in the median and
 waiting to make a left turn.  The cars in the left on-coming lane had stopped
 or were slowing down to let Cayia make her left turn.  Knox, who was traveling
 in the left lane, changed lanes to the right lane, possibly to avoid the
 stopped or slowed cars in the left lane.  The cars in the left lane obscured
 Knox's vision of Cayia's vehicle in the median, and Cayia's vision of Knox's
 vehicle in the right lane.  Knox's and Cayia's cars collided when Cayia was
 making her turn, crossing the path of Knox's vehicle.  Cayia's vehicle had only
 made it about two feet into the right lane where Knox's car was traveling when
 the accident happened.        
Respondents moved
 for summary judgment on the basis that Knox's speeding was not the proximate
 cause of the accident.  A hearing was held on February 6, 2009.  The only
 depositions taken at the time of the hearing were the depositions of William
 Black and Danielle Cayia.  On May 5, 2009, the court granted summary judgment
 to Respondents.  This appeal followed.
STANDARD OF REVIEW
When reviewing
 the grant of a summary judgment motion, the appellate court applies the same
 standard that governs the trial court under Rule 56(c), SCRCP, which provides
 summary judgment is proper when there is no genuine issue as to any material
 fact and the moving party is entitled to judgment as a matter of law.  Rule
 56(c), SCRCP; see Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d
 857, 860 (2002).  On appeal from an order granting summary judgment, the
 appellate court reviews all ambiguities, conclusions, and inferences arising in
 and from the evidence in a light most favorable to the non-moving party below.  Willis v. Wu, 362 S.C. 146, 151, 607 S.E.2d 63, 65 (2004).  
Summary judgment should only
 be granted when there is no genuine issue as to any material fact and the
 moving party is entitled to judgment as a matter of law.  Hedgepath v. Am.
 Tel. & Tel. Co., 348 S.C. 340, 354, 559 S.E.2d 327, 335 (Ct. App.
 2001).  "Summary judgment is not appropriate where further inquiry into
 the facts of the case is desirable to clarify the application of the
 law."  Id. at 355, 559 S.E.2d at 335.  "However, when plain,
 palpable, and indisputable facts exist on which reasonable minds cannot differ,
 summary judgment should be granted."  Id. at 355, 559 S.E.2d at
 336.
LAW/ANALYSIS
The Blacks argue
 the trial court erred in granting summary judgment to Respondents because the
 evidence of Knox's negligence was not limited to his speeding.  We
 disagree.
 
To succeed in a
 negligence cause of action, a plaintiff must establish: (1) the defendant owed
 a duty of care to the plaintiff; (2) the defendant breached the duty by a
 negligent act or omission; (3) the defendant's breach was the actual and
 proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an
 injury or damages.  Burnett v. Family Kingdom, Inc., 387 S.C. 183, 189,
 691 S.E.2d 170, 173 (Ct. App. 2010).  "Negligence is not actionable unless
 it proximately causes the plaintiff's injuries."  Bailey v. Segars,
 346 S.C. 359, 366, 550 S.E.2d 910, 914 (Ct. App. 2001).  "A negligent act
 or omission proximately causes an injury if, in a natural and continuous
 sequence of events, it produces the injury, and without it, the injury would
 not have occurred."  Id.  "Ordinarily, the question of
 proximate cause is one of fact for the jury."  Id. at 367, 550
 S.E.2d at 914.  "The trial court's sole function regarding the issue is to
 determine whether particular conclusions are the only reasonable inferences
 that can be drawn from the evidence."  Id.  "Only in rare or
 exceptional cases may the issue of proximate cause be decided as a matter of
 law."  Id. 
 
In Horton v.
 Greyhound Corp., 241 S.C. 430, 128 S.E.2d 776 (1962), our supreme court
 held the trial court properly directed a verdict for the defendants because the
 plaintiff had failed to produce evidence of a causal connection between the
 speed of the bus and the fatal collision.  The court noted it was "clear
 that the only evidence of a negligent or unlawful act by the bus driver relates
 to excessive speed, which could not have resulted in harm to [the plaintiff] if
 the truck had remained in its proper lane of travel."  Id. at
 438-39, 128 S.E.2d at 781.  "The concurrence of excessive speed with this
 primary, efficient cause of the collision does not impose liability on the
 defendants unless, without it, the collision would not have occurred."  Id. at 439, 128 S.E.2d at 781.  "That speed was a contributing factor in
 placing the bus at a particular location on the highway when the emergency
 arose is without legal significance, because the defendants had the legal right
 to occupy that portion of the highway."  Id.  The court found
 "[t]his is simply one of those rare cases in which the evidence, although
 sufficient to support an inference of concurrent negligence by the defendants,
 is insufficient to support a reasonable inference that without such negligence
 the collision would not have occurred."  Id. at 441, 128 S.E.2d at
 782.  The court rested its conclusion on "the absence of evidence
 sufficient to raise a reasonable inference that it would not have occurred but
 for the negligence of the bus driver, which amounts to a failure of proof of an
 essential element of plaintiff's cause of action."  Id.     
 
The Blacks maintain
 the court erred in relying on Horton because they assert Horton does not apply when the evidence of negligence is not limited to just
 speeding.  They argue this court narrowed Horton and its progeny in Davis
 v. Tripp, 338 S.C. 226, 235-36, 525 S.E.2d 528, 533 (Ct. App. 1999), in
 which the court held a court cannot, as a matter of law, find no liability
 "when there is evidence of additional negligence or that speed was a
 causative factor."  The Blacks assert the evidence presented showed Knox
 failed to slow down or keep a better lookout: (1) in light of the other traffic
 on the roadway; (2) in light of the entrances to commercial establishments on
 both sides of the roadway; (3) in light of his inability to see what was in the
 median; and (4) as he approached from the right lane several cars that were
 stopped or slowing in the left lane.  They also maintain there was evidence
 from which a jury could reasonably infer that Knox made an illegal lane
 change.  Therefore, the Blacks contend there was "evidence [Knox] was
 speeding through a heavily traveled commercial roadway under circumstances
 where it was reasonable to conclude that traffic was stopped (or slowing) in front
 of him to allow another vehicle to make a left turn across his lane of
 travel" and "[i]t should be left to the jury to decide whether the
 evidence of his negligence . . . warrants the imposition of liability for the
 collision." 
 
In Davis v.
 Tripp, the case relied upon by the Blacks, the appellants appealed the
 trial court's refusal to give a jury instruction in accordance with Horton. 
 338 S.C. at 234, 525 S.E.2d at 532.  In finding the trial court did not err in
 refusing to give the jury charge, this court noted a court cannot find there
 was no liability as a matter of law when there is evidence of additional
 negligence or that speed was a causative factor.  Id. at 235-36, 525
 S.E.2d at 533.  However, unlike the case at hand, Davis presented evidence that
 the defendant was not keeping a proper lookout in addition to speeding. 
 Specifically, the defendant admitted he: (1) was speeding; (2) saw plaintiff's
 truck in the median; (3) acknowledged a car there created the possibility of a
 problem; (4) did not reduce his speed or move to the right lane; (5) made a
 comment to his passenger that plaintiff needed to pull out in front of him
 because he needed a new car; and (6) could have pulled into the grassy median
 when he saw plaintiff pull out in front of him, but he did not because he
 thought he would "roll" the car.  Id. at 236-37, 525 S.E.2d at
 533.
 
The Blacks also
 cite to Clark v. Cantrell, 339 S.C. 369, 529 S.E.2d 528 (2000), and Tubbs
 v. Bowie, 308 S.C. 155, 417 S.E.2d 550 (1992); however, we find these cases
 distinguishable from the case at hand because, unlike here, speed was found to
 be a proximate cause of the accident.  In Clark, our supreme court
 determined the trial court properly refused to give a jury charge on speeding
 and proximate cause in accordance with Horton because the plaintiff
 presented evidence that the accident probably would not have occurred if the
 defendant had not been speeding.  339 S.C. at 390, 529 S.E.2d at 539.  The
 court noted that a judge may grant a litigant's directed verdict motion under Horton when "it is without legal significance that speed was a contributing
 factor in a collision, and the record contains no evidence of other negligent
 or wrongful acts by the speeding driver."  Id. at 391, 529 S.E.2d
 at 540.  In Tubbs, our supreme court held the trial court properly
 denied the defendant's motion for directed verdict because there was evidence
 that the defendant failed to take appropriate action upon seeing the truck
 enter the highway; thus, the evidence did not show that the accident was
 inevitable, irrespective of the defendant's speed.  308 S.C. at 157-58, 417
 S.E.2d at 552.  The Blacks also cite to Umhoefer v. Bollinger, 298 S.C.
 221, 379 S.E.2d 296 (Ct. App. 1989); however, we find it is distinguishable
 because there was more evidence of the defendant's negligence than presented in
 this case.  In Umhoefer, this court found the trial court properly
 denied the defendant's motion for directed verdict because there was evidence
 that just prior to the accident, the defendant was speeding, was weaving in and
 out of traffic, failed to yield the right of way, and entered the intersection
 on a red light; thus, a jury question existed as to whether the defendant's
 negligence was the proximate cause of the accident.  298 S.C. at 224, 379
 S.E.2d at 297.
 
 In addition to relying on Horton,
 the trial court cited many of the cases decided pursuant to Horton, in
 which the courts found speed was not a proximate or concurrent cause of the
 accident.  Most similarly to this case, in Alston v. Blue Ridge Transfer Co.,
 308 S.C. 292, 296, 417 S.E.2d 631, 633-34 (Ct. App. 1992), this court affirmed
 the trial court's grant of summary judgment for the defendant because the
 defendant's speed was not the proximate cause of the accident when the defendant
 and the plaintiff were proceeding in opposite directions and the defendant hit
 a patch of ice, causing his vehicle to cross over the center line.  Also, in Guyton
 v. Guyton, 244 S.C. 357, 361-62, 137 S.E.2d 273, 275 (1964), our supreme
 court affirmed a directed verdict for the defendant, whose vehicle collided
 with a dark-colored mule that darted into the roadway directly in front of the
 vehicle at night, because the defendant's speeding could not, as a matter of
 law, have caused the accident.  In Kennedy v. Carter, 249 S.C. 168, 178,
 153 S.E.2d 312, 317 (1967), our supreme court reversed the denial of a directed
 verdict for the defendant, who swerved off the road to avoid an oncoming
 drunken driver, because the defendant's speeding could not, as a matter of law,
 have caused the accident, and the defendant's speeding would not have resulted
 in harm to the plaintiff if the drunken driver had remained in his proper lane
 of travel.  In Roumillat v. Keller, 252 S.C. 512, 516, 167 S.E.2d 425,
 428 (1969), our supreme court found the defendant's speeding was not the
 proximate cause of the first collision, in which an oncoming vehicle crossed
 the median and struck his vehicle.  In Odom v. Steigerwald, 260 S.C.
 422, 426-27, 196 S.E.2d 635, 637 (1973), our supreme court reversed the denial
 of the plaintiff's motion for directed verdict on liability because, as a
 matter of law, any speeding by the plaintiff could not have caused the accident
 where evidence showed the defendant's vehicle pulled directly into plaintiff's
 path.  In Blanding v. Hammell, 267 S.C. 352, 356-57, 228 S.E.2d 271,
 272-73 (1976), our supreme court affirmed the directed verdict for the
 defendant because the testimony showed the plaintiff pulled directly in front
 of the defendant and the defendant's slight speeding could not, as a matter of
 law, have caused the accident.  
 Addressing the failure to
 keep proper lookout, in Gunnels v. Roach, 243 S.C. 248, 252, 133 S.E.2d
 757, 759-60 (1963), our supreme court reversed the denial of a directed verdict
 where the defendant hit an eight-year-old boy who had run from between two cars
 parked diagonally at a curb because there was undisputed evidence that the
 defendant did not see the boy, and he could not have been seen by a motorist
 exercising due care.  "In [these] rare cases . . . where speed has not
 been a causative factor, the court has focused on the inevitability of the
 accident, irrespective of the defendant's speed, due to an unexpected entry of
 the plaintiff into the defendant's right of way."  Blanding, 267
 S.C. at 357, 228 S.E.2d at 272-73.  
When viewed in the
 light most favorable to the Blacks, we find there is no evidence for the jury
 to have found that the accident would not have occurred "but for"
 Knox's alleged speeding, alleged failure to keep a proper lookout, or alleged
 illegal lane change.  The Blacks assert there was evidence from which the jury could
 reasonably infer that Knox made an illegal lane change; however, the Blacks did
 not make this specific argument at the hearing on the motion for summary
 judgment, and the judge did not address the argument in his order.  In addition,
 the Blacks did not file a Rule 59(e), SCRCP, motion.  Therefore, we find this
 issue is not preserved for our review.  See Chastain v. Hiltabidle,
 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) (holding when an issue
 is raised to, but not ruled upon by the trial court, the issue is preserved for
 appeal only if the party raises the same issue in a Rule 59(e) motion).  Even
 if the issue was preserved, we find the evidence presented does not support the
 argument.  Black testified Knox changed lanes, but it was a normal maneuver and
 was not to avoid anything in the road.  Furthermore, Black said Knox's vehicle
 was completely in the right lane at the time of impact.      
 
 Regarding the Blacks'
 argument that Knox failed to keep a proper lookout, William Black testified
 that Knox was paying attention to the road and was not distracted in any way
 before the accident.  Black said he and Knox were not talking, the radio was
 not loud, they were not in a rush, and Knox was not talking on a cell phone. 
 Black also testified the vehicle in the left lane was a large SUV, and it
 blocked their view of Cayia's car, so he did not know if Knox could have
 avoided the accident.  Black even testified that Cayia pulled out in front of
 Knox.  Cayia's testimony does not establish Knox was negligent because she did
 not see Knox's vehicle prior to the accident.  Cayia testified she could see
 oncoming traffic in the right lane, and she waited to turn when she thought the
 road was clear.  Cayia admitted she was talking on her cell phone when the
 accident occurred.  Additionally, Cayia said she failed to yield the right of
 way, and she admitted she was at least partially at fault for the accident.  
The only evidence
 presented that Knox may have been speeding was Black's testimony that he
 estimated Knox may have been traveling 5 to 10 miles per hour above the speed
 limit when the accident occurred.  However, Black admitted he did not know for
 certain because he could not see the speedometer.  Black also said he was
 uncertain whether Knox's speed factored into causing the accident because he
 was not paying attention when the accident occurred.  Cayia testified she could
 not estimate Knox's speed because did not see his vehicle before the accident.
 
Accordingly, the
 evidence shows the accident would have occurred regardless of whether Knox was
 speeding, and Knox's speeding would not have harmed Black if Cayia had not
 turned in front of Knox's vehicle.  Therefore, because the Blacks failed to
 produce any evidence that Knox's alleged speeding or failure to keep a proper
 lookout was the proximate cause of the accident, we find the trial court
 properly granted summary judgment to Respondents.
 
 CONCLUSION
 Accordingly, the trial
 court's grant of summary judgment to Respondents is
 AFFIRMED.
 HUFF, SHORT and PIEPER, JJ., concur.

[1]  William Black was a minor at the time of the car
 accident.  Thus, Debbie Black, his mother, was named as a co-defendant in the
 action because of her responsibility for his medical expenses and the loss of
 her child's services from his injuries.
[2]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.